Mayhew v. Duncan.

MAYHEW and others vs. DUNCAN and STEPHENS.

THREE OTHER SUITS vs. THE SAME DEFENDANTS.

Under the code, the duties, upon attachments, which were formerly discharged by the trustees of the debtor's estate, now devolve on the sheriff, who is required to collect the debts due to the debtor; and he is entitled to the same measure of compensation which the revised statutes awarded to trustees, for the like services, viz. all necessary disbursements, and a commission of five per cent on all moneys which come into his hands.

If the sheriff chooses to employ agents to aid him in collecting debts, which he could himself collect without resort to an action or the employment of attorneys or counsel, he must himself compensate his agents; unless an agreement is made by him with all parties interested in the proceeds.

It seems that the sheriff may employ attorneys and counsel, and prosecute actions; and that he is entitled to be paid the necessary disbursements

therefor, in the same manner that such disbursements were allowed to trustees under the attachment authorized by the revised statutes; whether the action be successful or not, if it be prosecuted in good faith.

THIS was a question as to the propriety of an allowance of five per cent to the sheriff upon an attachment. There were four separate actions, in each of which an attachment was issued. The plaintiff in the fourth suit opposed the allowance.

*H. G. Wheaton,* for the attaching creditor.

*A. J. Vanderpool,* for the sheriff.

LEONARD, J. The sheriff of the city of New York, in 1856, received warrants of attachment against these defendants, in four actions, under which he levied on certain books of account, belonging to the defendants, and thereby ascertained the names of over thirty persons who were dealers with the defendants and then indebted to them, in amounts varying from $5 to about $250; the most of the demands being, however, under $100 each. The deputy, who had charge of the process, employed as his agent a person who occupied the same place of business with the defendants, and who was engaged in the same business, and possessed other facilities for more readily and conveniently collecting these book demands than the deputy. The attorneys in the second and third attachments consented to the employment of the agent, and to the rate of compensation to be paid to him by the sheriff, which was fixed at five per cent.

The first three attachments have been discharged, and a small sum remains in the sheriff's hands applicable to the fourth attachment, which would be considerably increased if the five per cent which the sheriff agreed to pay to his agent for collecting the demands which were attached, should be disallowed. And the counsel for the plaintiff in the fourth attachment opposes the allowance of this per centage to the sheriff, as an improper or excessive expenditure for the agency or serv-

Mayhew v. Duncan.

ices of another, to perform duties which the law has imposed, as the plaintiff alleges, on the sheriff himself. That application is the question principally to be considered.

By the code, under which these attachments were issued, (section 232,) the sheriff is authorized to take such legal proceedings for the collection of the debts and credits of the defendants as may be necessary, either in his own name or in the name of the defendant. Under § 237, subdivision 4, the sheriff is to proceed to collect the notes and other evidences of debt, &c. and apply the proceeds to the payment of the judgment, in case judgment has been entered for the plaintiff. And the court is authorized, on the affidavit of the sheriff that he has used diligence and endeavored to collect the evidences of debt so attached, and that a portion remains uncollected, to order the sheriff to sell the same.

And further, showing that it was not contemplated by the code that the sheriff should personally collect, in all cases, the evidences of debt which he should attach, it is provided by § 238, that actions authorized to be brought by the sheriff may be prosecuted by the plaintiff, upon delivering to the sheriff an undertaking with two sureties, to indemnify him from all damages, costs and expenses on account thereof, not exceeding $250 in any one action. Section 243 provides that the sheriff shall be entitled to the same fees and compensation for his services, and the same disbursements, as are allowed for *the like services* and disbursements under chapter 5, title 1, part 2 of the revised statutes.

The compensation to sheriffs for services, &c. under that chapter of the revised statutes, (relating to attachments against concealed, absconding and non-resident debtors,) is regulated under chapter 10, title 3, part 3 ; and in addition to certain fees and poundage, specifically fixed, the sheriff is thereby authorized to receive such compensation for his trouble and expenses in taking possession of and preserving the property attached, as the officer issuing the attachment shall certify to be reasonable.

Mayhew *v.* Duncan.

It is manifestly just that the sheriff should have a suitable compensation for such services as he has rendered in these actions, and the rate which was agreed on by the attorneys in the second and third attachments herein does not appear unreasonable, under the circumstances. It is the same commission that collecting agents are commonly allowed in this city, except under particular circumstances, when agents receive sometimes a larger and sometimes a smaller commission, varying by agreement or according to the difficulty of the service.

Under the statutory fees to sheriffs, above referred to, the authority to afford compensation for collecting the book accounts and debts under these attachments, must be included, if it exists at all by that fee bill, under the language above quoted from chapter 10, authorizing the officer issuing the warrant to certify additional compensation for trouble and expense in taking possession of and preserving the property attached. In these cases, however, the sheriff took possession of books of account and debts only, and the expense and trouble of rendering that service, and of afterwards preserving them, does not appear to be very great.

It would be a very great straining of this language to allege that it includes the trouble or expense of collecting debts. This conclusion is still stronger when we refer to the duties required of the sheriff under chapter 5, title 1, part 2, none of which consist in collecting debts due to the debtor in the attachment; and of course the sheriff's fee bill for services or expenses under this chapter contains no provision for services or expenses which he is not by law required to perform.

New duties and obligations have been imposed upon the sheriff by the attachment authorized by the code, for which no fees had been theretofore provided, because there were no such duties or obligations existing; and unless we can find a proper compensation in some other provision of law, it must be attributed to a legislative oversight. But such is not the case. The code (§ 243) provides the adequate compensation required. It seems to have been assumed by the counsel who

Mayhew *v.* Duncan.

argued this motion, that the measure of the sheriff's compensation was, by § 243, to be fixed under the provisions of chapter 10, title 3, part 3, regulating the fees of sheriffs.

The provisions of the code (§ 243) are, that the sheriff shall be entitled to the same fees and compensation for services, and the same disbursements, as are allowed by law for like services and disbursements under chapter 5, title 1, part 2 of the revised statutes. Allowed to whom ? Not to sheriffs only. Section 243 does not say that ; but such as are *allowed* under chapter 5, title 1, part 2 of the revised statutes. This includes such fees, compensation and disbursements as are allowed to any officer by that chapter, for such services as the sheriff is now required to perform under the provisions of the code respecting attachments.

Referring again to the chapter of the revised statutes respecting attachments, we find that the law required trustees of the estate of the debtor which the sheriff attached to be appointed, and these trustees were authorized to collect accounts and debts due to the debtor in the attachment. These duties under the attachment which the code has provided now devolve on the sheriff. The sheriff is required by the code to collect the debts due to the debtor in the attachment, and he is entitled to the same measure of compensation which the revised statutes, by chapter 5, title 1, part 2, award to trustees for like services. The compensation to trustees by that chapter, (2 *R. S.* 46, § 29, 1*st ed.*) is, all necessary disbursements, and a commission of five per cent on all money which comes into their hands.

The claim of the sheriff in these cases is for like services, &c. as those performed by trustees under the attachment of the revised statutes ; and he is entitled to the same fees, &c. as are allowed to such trustees. If the sheriff chooses to employ agents to aid him in collecting debts, which he could himself collect without resort to an action, or the employment of attorneys or counsel, he must himself compensate his agent, unless an agreement is made by him with all parties inter-

ested in the proceeds. I do not doubt that he may employ attorneys and counsel, and prosecute actions, and that he is entitled to be paid for the necessary disbursements therefor, in the same manner that such disbursements were allowed to trustees under the attachment authorized by the revised statutes, whether the action be successful or not, if it be prosecuted in good faith. (*In the matter of Bunch, a non-resident,* 12 *Wend.* 280.)

If the sheriff claims for disbursements expended by him for protests, or necessary traveling expenses of himself or his agents, they are allowable ; but he must specify the nature of the expenditure, item by item ; and these items he must verify by the oath of himself or the deputy who paid or incurred the same, or the claim therefor must be disallowed.

[NEW YORK SPECIAL TERM, February 11, 1860. *Leonard,* Justice.]