## SPANN v. THE STATE.

1. Non-residents, or mere sojourners, cannot be required to act as overseers on public roads.
2. One notified of his appointment as an overseer of a public road, and who has a valid excuse for not serving as such, must make it by affidavit, within ten days after receiving notice, in the mode pointed out by the statute, and cannot make it in any other way.

Writ of Error to the Circuit Court of Lowndes. *Before the Hon. N. Cook.*

THE plaintiff in error being proceeded against as a defaulting overseer of a road, offered to prove, that at the time he was appointed overseer of the road, by the commissioners' court, he was, and has been ever since, a resident of the State of South Carolina. On the objection of the solicitor, the court excluded this testimony, and the defendant excepted. This is now assigned as error.

J. A. ELMORE, for the plaintiff in error.
ATTORNEY GENERAL, for the State.

COLLIER, C. J.—The 11th section of the act of 1836, "to amend and consolidate the laws on the subject of public roads," enacts, that "if any person duly served with a copy of an order of his appointment as overseer or apportioner, shall fail or refuse to act, such person shall, within ten days if practicable, after such service, furnish a statement in writing, under oath, to the judge of the county court, of the reasons of his non-acceptance, and the said judge shall forthwith fill the vacancy, and cause such statement to be placed on the state docket of the next circuit court, and in the files of the state papers of said court; and if the reasons be deemed not sufficient, such person shall be liable to be fined by said court without the intervention of a jury, unless it be demanded,

not exceeding one hundred dollars. And in all cases where such affidavit is not made, the office shall be presumed to have been accepted, and the several officers held responsible 'accordingly." Clay's Dig. 510, § 13.

This enactment makes it imperative upon a person appointed an overseer of a public road to signify his non-acceptance by writing, under oath, to the judge of the county court, if practicable, within ten days after he receives the legal notice; and the consequence of neglect is, that an acceptance of the office shall be presumed, and the overseer be held responsible accordingly. The manner in which that responsibility shall be enforced, and the measure of it, are pointed out by the statute.

It is altogether certain that the legislature never intended to impose upon mere *sojourners* who were residents in another state, the duty of acting as overseers of public roads, even if such a measure would be within the competency of the legislature. But the question is, how shall this fact be shown ? We know of no other mode than the statute has prescribed ; for it is certainly allowable to provide a remedy by which a plaintiff or defendant may assert a right or defence, and make it exclusive of all others. This we think has been done by the act we are considering, in terms too forcible to be disregarded. It declares, that the failure to make an affidavit of the reasons of the appointee's non-acceptance, upon being served with a notice of his appointment, shall create a *legal presumption* that he has accepted, and he shall be chargeable for a neglect of the duties which the law devolves upon overseers of roads. The language employed is too stringent to allow room for such a construction as will permit the overseer to make his excuse when put upon his trial for neglect of duty ; unless it is shown that the reasons by which a non-acceptance is attempted to be justified, could not have been made within the time the act directs.

The bill of exceptions states, that the defendant offered to prove, that at the time of his appointment as overseer of the road, and ever since, he has been a non-resident of this state, and that he resides in the state of South Carolina. It is not shown that the notice of his appointment was not promptly served on him, nor is it pretended that he communicated his

non-acceptance by affidavit as required, we must therefore intend that the defendant relied upon his non residence as furnishing a sufficient answer to the charge of neglect. All intendments are favorable to the decision of the primary court, and it is incumbent on the party objecting to the admission of evidence, to show affirmatively the existence of error. If then notice was not served, or the affidavit was made, the bill of exceptions should have recited the fact so as to make the evidence in respect to the defendant's non-residence material and pertinent; for as an isolated and independent fact, it established nothing available to the defence. Mardis's adm'rs v. Shackleford, 4 Ala. Rep. 493. The court always protect the jury from the admission of irrelevant testimony, by excluding it on objection, in the same manner as it rejects other incompetent proof. If evidence be irrelevant at the time it is offered, it is not error to reject it, because other evidence may afterwards be given, in connection with which it would become competent. If it would be relevant in conjunction with other facts, it should be proposed in connection with those facts, and an offer to follow the evidence proposed, with proof of those facts at a proper time. Id. and cases cited. The testimony then, in the manner in which it must be inferred to have been offered, was irrelevant; the circuit court did not therefore err in its rejection, and the judgment is consequently affirmed.