[Lewin v. The State.]

# Lewin *v.* The State.

*Prosecution for default in Working Public Road.*

1. *Exemption from duty to work public road; employee of Alabama Insane Hospital.*—A person can not claim exemption from the duty of working on the public roads (Sess. Acts 1876-7, p. 135), on the ground that he is an employee of the Alabama Insane Hospital (Code, § 1500), when he does not show that he was engaged in that capacity 'at the time he was notified or summoned to work on the road.

2. *Same; members of incorporated fire-company.*—An active member of an incorporated fire-company, whose charter exempts its members "from military duty, *road-tax*, and performance of jury duty," is exempt from the statutory duty of working the public roads; the word "*road-tax*" being construed to mean road-duty, since otherwise it would have no field of operation.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

This prosecution was commenced before a justice of the peace, and was removed into the Circuit Court by appeal, where it was "submitted on the following agreed statement of facts in writing: The defendant was living just outside (about a quarter of a mile) of the corporate limits of Tuskaloosa, and was an employee of the Alabama Insane Hospital, about one mile from the city limits. At the time he was warned to work the public road, he was an active member of Tuskaloosa Fire Company No. 1, and had, for three years, been attending the meetings and fire-alarms in said city, as the other regular members of said company. Defendant was regularly and legally warned, by the proper person, to work the proper public road in Tuskaloosa precinct, on which he lived, and near his residence; and he refused to work the road for four and a half days, claiming his exemption by virtue of being a member of said fire-company. The above was all the testimony in the cause. The court charged the jury in writing, at the instance of the State, as follows: 'The facts are agreed upon, and if the jury believe the evidence, they will find the defendant guilty, and assess such fine as they see proper, not less than one dollar per day, and not more than two dollars per day'; to which charge the defendant excepted."

WOOD & WOOD, and H. B. FOSTER, for appellant.

T. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of failing to work the public roads, after being legally notified to do so. Acts 1876–77, p. 135.

The only question raised is, whether the defendant was not exempt from liability to road duty, under the agreed state of facts, as recited on the bill of exceptions.

It is first contended, that the defendant, being an employee of the Alabama Insane Hospital, was for this reason exempt, under the provisions of section 1500 of the Code of 1876. It is a sufficient answer to this suggestion, that the bill of exceptions fails to show that the defendant was occupied or engaged in the capacity of such employee, at the time he was notified to work the road. Construing the bill of exceptions most strongly against the exceptant, the inference of fact must be taken to be otherwise.

The second ground upon which such claim of exemption is based is, that the defendant was, at the time of being warned, an active member of the Tuskaloosa Fire Company, No. 1, having, for several years previous, regularly performed the duties of a fireman in such organization. It is provided by section 4 of the act incorporating this company, that its members shall be "exempt from military duty, *road-tax*, performance of jury duty as grand and petit jurors in the Circuit and Probate Courts of Tuskaloosa county, so long as they continue to perform the duties of firemen under this act."—Acts 1851–52, p. 279. Does "road-tax", in this section, mean road-duty? If not, can the word have any operation whatever? The obvious purpose of the exemption is to relieve members of this fire-company from certain public duties, which are so continuous in their nature as to interfere seriously with the prompt discharge of their duties as firemen. It has long been the policy of our legislation to encourage organizations of this kind, which usually have their origin in motives of an unselfish and public-spirited benevolence. While we recognize the rule, that the intention to exempt particular classes or individuals from public burdens should be expressed in clear and unambiguous terms, and that such exemptions should be generally construed with strictness; yet it is not to be contended that this rule of construction should be carried so far as to defeat entirely the legislative purpose. It is only one of many rules by which we are enabled to ascertain such intention. In our opinion, the word "road-tax" was intended here to mean road-duty. It is used in connection with the cognate subjects of military duty and jury duty. In its strict sense, there is no such assessment as a road-*tax* under our laws. The nearest approach to it is the additional poll-tax which is sometimes imposed in city charters as the price of exemption from liability to work on the streets of a city.—Acts

[Parker v. The State.]

1872–73, p. 385, § 39. We do not think it had reference to this poll-tax. It must be construed to mean an assessment upon the personal labor of the party liable to road duty, which, in a broad and comprehensive sense, is in the nature of a tax.—*Bank of Ithaca v. King,* 12 Wend. 390. If this construction is not given it, no field whatever is left for its operation. It would offend a fundamental rule of statutory construction, to say that the General Assembly meant nothing by the words which they have chosen to use, merely because of their ambiguity of meaning. It is only cases of this nature which require the aid of judicial construction. Those free from all ambiguity and doubt need none.

The charge of the Circuit Court was, in our opinion, erroneous; and the judgment is reversed, and the cause remanded.