# Taylor *v.* The State.

### *Failure to Work Public Road.*

(Decided July 6, 1906. 41 So. Rep. 776.)

1. *Highways; Work on Public Roads; Temporary Absence.*—One temporarily sojourning at the place where he is warned to work the public road, but who lives elsewhere, and has paid his street tax, is not liable to road duty at the place of his temporary sojourn.

2. *Same; Failure to Work; Evidence.*—It was competent for defendant to show that he was at the place where he was warned to work the road only temporarily working out a fine and cost his employe paid for him, that his home was elsewhere to which he would return on completing his fine and costs, and that he had paid his street tax to a certain date at the place of his residence, as a defense to a prosecution for failure to work the public road after warning.

3. *Same; Road Duty; Liability.*—The payment of street tax in an incorporated town or city is in substitution for road duty, and a person cannot be made liable for both for the same period.

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

Defendant was tried and convicted for failure to work the roads. Defense endeavored to be interposed by the defendant was that he lived in the town of Greensboro, and had paid street tax to said town for the year ending March 1, 1906. That he was out of town temporarily, working for one Otts who had secured a fine and costs for.

him, and that as soon as said fine and costs were fully paid, it was his intention to return to his home in Greensboro. These facts were offered to be shown by the witness Otts, but on motion of the solicitor, the court refused to permit the introduction of the testimony.

DE GRAFFENRIED & EVANS, for appellant.—No brief came to the Reporter.

MASSEY WILSON, Attorney-General, for State.—The demurrer to the indictment was properly overruled.— *Brown v. State,* 63 Ala. 97. The testimony for the State tended to show everything necessary to warrant a ver· dict of guilty.—Sections 2452-53, Code 1896. The exceptions to the finding of the Court are unavailing.—*Witherspoon v. State,* 39 So. Rep. 352.

SIMPSON, J.—The defendant in this case was tried by the court without a jury, and found guilty of the offense of willfully failing or refusing to work the public road after legal notice, as charged in the indictment.

The court erred in sustaining the objection to the question by the defendant to the witness Otts, and in refusing to allow proof by said witness of the facts proposed. If the defendant was a resident of an incorporated town, where he was paying his street tax, and only temporarily in the country for the purpose of working out his fine or indebtedness, with the intention of then returning and continuing his residence in said town, he was not liable to road duty at the place of his temporary sojourn.— *Spann v. State,* 14 Ala. 588. The facts sought to be proved were proper to be considered in order to determine whether or not he was simply a sojourner.

The motion to discharge the defendant should have been granted. The payment of street tax in an incorporated town or city is a substitute for the performance of road duty, and it is not the intention of the law that a man shall be liable to both for the same period. The evidence is uncontroverted that the defendant had paid his street tax in and for the year, which did not end until

March 1, 1906, and he was warned on February 1, 1906,
to work the road on February 5, 1906.  He could not be
made liable for road duty until March 1, 1906.

As the defendant is entitled to be discharged, it is
not necessary to pass on the demurrer to the indictment.

The judgment of the court is reversed, and a judgment
will be here rendered discharging the defendant.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., con-
cur.

### Failure to Work Public Road.

