# Whitt *v.* City of Gadsden.

*Violating City Ordinance.*

(Decided May 13, 1909.　49 South. 682.)

*Taxes; Street Tax; Payment.*—Where one has paid a street tax to one city, in accordance with its ordinances, and during the same year moves to another city, such one is not liable to the latter city for street tax for that year.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

From a judgment of conviction for failure to work the street of the city of Gadsden, or in lieu thereof paying the amount fixed by said city, J. T. Whitt appeals. Reversed and rendered.

J. S. FRANKLIN, for appellant.—Having paid his tax to Alabama City, defendant was not liable for street tax to the city of Gadsden for the same year.—*Board of Rev. v. Gas Co.,* 64 Ala. 269; *Mayor, etc. v. Stonewall I. Co.,* 53 Ala. 570; 17 A. & E. Ency. of Law, 26; *Barnes v. Moragne,* 145 Ala. 312.

HOOD & MURPHREE, for appellee.—No brief came to the Reporter.

SIMPSON, J.—The appellant was convicted of the offense of failing to work the streets of the city of Gadsden, or in lieu thereof, of failing to pay the amount fixed by the ordinance of said city. The agreed statement of facts shows that the defendant was a resident of Alabama City, in this state, for several years and up to the 23d day of May, 1907; that in accordance with the ordinances of that city he paid his street tax on the 1st day

of May, 1907, for the year commencing on the first Tuesday in April, 1907; that on June 26, 1907 (having removed to Gadsden), he was notified to appear and work the streets of Gadsden, that he presented his receipt showing that he had paid his street tax in Alabama City.

The question raised by the record is whether one who has paid his street tax in one city in the state of Alabama for a certain year can be compelled to work the streets, or to pay street tax, during the same year in another city. Street tax in the city is a substitute for road duty in the rural districts. The law provides that "no person * * * is liable * * * to work more than ten days in any one year."—Code 1907, § 5779. This court has said that "the payment of street tax in an incorporated town or city is a substitute for the performance of road duty, and it is not the intention of the law that a man shall be liable for both for the same period."—*Taylor v. State*, 147 Ala. 131, 132, 41 South. 776. According to the same rule, a person who has paid his street tax in one city is not liable to the same in another city during the same year.

The judgment of the court is reversed, and a judgment will be here rendered in favor of the appellant.

Reversed and rendered.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.