[City of Montgomery v. Barefield.]


# City of Montgomery *v.* Barefield.

*Action to Recover Taxes Paid Under Protest.*

(Decided May 17, 1911.   Rehearing denied June 14, 1911.
56 South. 260.)

1. *Constitutional Law; Equal Protection; Classification.*—There is no general rule of law distinguishing between lawful and reasonable, or unlawful and arbitrary classifications of persons by legislative enactment.

2. *Municipal Corporations; Taxation; Street Taxes.*—An ordinance of the city of Montgomery imposing an annual street tax of three dollars upon every male inhabitant thereof between the ages of twenty-one and forty-five is not arbitrary or unreasonable or violative of any underlying principle of municipal taxation.

3. *Same.*—An ordinance passed under the provision of section 1336, Code 1907, imposing an annual tax of $3 for street purposes upon every male inhabitant of said city between the ages of twenty-one and forty-five was not violative of section 89, Constitution 1901, where the classification used was in accordance with the classification used in other legislative enactments, and is not in conflict with sections 5777, and 5778, Code 1907, and hence, not violative of the Constitutional provision above mentioned, although a slightly different classification is used, and slightly different duties were imposed.

4. *Same.*—While section 1336, places no restriction in making classifications of the persons taxed, yet the classification must be a reasonable one, and it would be unreasonable to tax every inhabitant of a municipality regardless of age or sex.


APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by J. P. Barefield against the city of Montgomery to recover street tax paid under protest. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

The complaint is as follows: Count 2: "Plaintiff claims of defendant $3, for that heretofore, on, to wit, December 8, 1908, said city of Montgomery adopted an ordinance providing for a street tax in the city of Montgomery, which ordinance was approved by the mayor on, to wit, January 4, 1909. (Here follows copy of or-

dinance set out in the opinion.) That under the provisions of said ordinance the plaintiff, on, to wit, the 28th day of February, 1910, paid under protest $3 to the city treasurer for the benefit of the city of Montgomery, and that said money has been turned over by the city treasurer to the city of Montgomery. Plaintiff further avers that the ordinance, known as the street tax ordinance, which is set out above, is void, and the collection from plaintiff made under the ordinance is illegal. Plaintiff further says that before bringing this suit he filed a claim for the $3 illegally exacted with the city council of Montgomery, and the payment thereof was refused. The ordinance providing for the street tax is void and illegal because the municipal corporation of Montgomery possesses no inherent power to create exemptions from taxation, nor can the power be implied from the act delegating the right to the city of Montgomery to exact a street tax." (3) same as 2, down to the word "because," where it last appears therein, and adding: "Because the classification that exempts persons under the age of 21 is arbitrarily made, without any substantial basis." (4) Same as 2, down to and including the word "because," where it last appears, and adding: "The Legislature of the state of Alabama did not authorize the city of Montgomery to exempt the persons who are excluded from the operation of the street tax law as enacted." (5) same as 2, down to and including the word "because," where it last appears therein, and adding: "The law as enacted by the city of Montgomery exempts certain persons from its operation, when the city of Montgomery has no inherent power to exempt any person or corporation from taxation." (9) Same as 2, down to and including the words, "and the payment thereof was refused, and adds, "The ordinance providing for the street tax, when taken in

[City of Montgomery v. Barefield.]

connection with the statute authorizing municipal corporations to exact a street tax is void, because it violates that section of the Constitution of Alabama providing that the Legislature shall not have power to authorize any municipal corporation to pass laws inconsistent with the general laws of the state." Motion was made to strike these various counts: (1) Because they failed to state the cause of action; (2) said counts, and each of said counts, show that the ordinance referred to is legal and valid; (3) said counts are frivolous; and (4) that the statement attacking the validity of the ordinance in each count is frivolous. The demurrers raise practically the same proposition.

C. P. McINTYRE, for appellant. The city had authority to pass the ordinance under section 1336, Code 1907. It is not materially variant from sections 5777-8, Code 1907. In a primary sense it is not a tax at all, but a police regulation.—25 A. & E. Enc. of Law, (1st Ed.) 90, 616, 621; 25 Ill. 557; 76 Ill. 11; 83 Ill. 494. The Legislature did not mean that the city should levy a street tax upon every single inhabitant thereof.—*Bray v. The State*, 140 Ala. 170. It is unnecessary for the city to specify in the ordinance the persons named as exempt by sections 5777-8 of the Code.—*Ex parte Byrd*, 84 Ala. 17.

ARRINGTON & HOUGHTON, for appellee. Section 1336, Code 1907, does not empower the cities of the state to arbitrarily classify what citizens in the city shall be liable for the street tax.—*Taylor v. The State*, 147 Ala. 131; *Whit v. The State*, 160 Ala. 271. There is serious conflict between the ordinance, and those sections of the Code requiring the performance of road duty, and hence, it violates section 89 of the Constitution. A

[City of Montgomery v. Barefield.]

municipality has no inherent power to create exemptions from taxations.—*Whiting v. West Point,* 15 L. R. A. 860, and cases cited. The mode of levying must be strictly pursued, as prescribed.—Tiedman on Mun. Corp. 516. All municipal powers are strictly construed and must be strictly pursued.—*Eufaula v. McNabb,* 67 Ala. 589; *Posey v. N. Birm.,* 154 Ala. 515. It is plainly a tax and not a license, as the municipality cannot license a reasonable use of the street.

PELHAM, J.—The question presented by this appeal is whether or not an ordinance adopted by the city of Montgomery, imposing a street tax, is a valid enactment; and the appellant and appellee both contend that a proper construction of the authority conferred by section 1336 of the Code of 1907 will uphold their respective, but opposed, contentions; or, to state the proposition presented differently, and possibly with more clearness, the constitutionality of the section is not raised or questioned by the appellee, and the appellant bases the rights of the city to pass the ordinance in question upon that section. Conceding, then, the constitutionality of section 1336, the questions presented by the case before us go, first, to the legality of the ordinance adopted under it, and, second, to the power or, exercise of authority conferred by its adoption, if legal. The case was tried in the court below on an agreed statement of facts, and there was judgment for the plaintiff (appellee), and the defendant, against whom the suit was prosecuted for the recovery of a street tax paid to it under protest, brings this appeal.

The appellant, a municipal corporation, acting under the authority granted by section 1336 of the Code of 1907, for the purpose of exacting or levying a street tax, adopted the following ordinance:

"An Ordinance to levy a street tax.

"Section 1. Be it ordained by the city of Montgomery, as follows: That every male inhabitant of the city of Montgomery between the ages of twenty-one and forty-five, shall, on or before the first day of March of each year, pay an annual street tax of three dollars; provided that any person liable for a street tax may in lieu of tax work six days on the public streets of the city of Montgomery under the direction of the superintendent of streets by March 1st, of each current year.

"Sec. 2. Be it further ordained: That the funds under this ordinance shall be kept in the city treasury as a separate fund to be used exclusively for the support of the streets within the limits of the city of Montgomery.

"Sec. 3. Be it further ordained: That any person liable for a street tax under the provisions of section one of this ordinance who fails to pay the same or discharge the same in labor in the manner prescribed in section one of this ordinance, by the 2nd day of March, of each year, shall, upon conviction, be fined not less than five nor more than twenty-five dollars.

"Sec. 4. Be it further ordained: That this tax shall not apply to persons residing in the city, for a less period than three months.

"Adopted December 28, 1908. Approved January 4, 1909. W. M. Teague, Mayor."

The section of the Municipal Code (1336) authorizing the passage of such an ordinance by the municipalities and empowering them to place a street tax on their inhabitants is embraced under the general statutes for taxation (article 23), and exempts all of the inhabitants of municipalities from performing road duty, and authorizes the municipalities to levy a street tax, not to exceed $5 per year. The appellee, against whom the

city seeks to enforce this tax, contends that the ordinance makes an arbitrary classification, is inconsistent with the general laws of the state, thereby violating section 89 of the Constitution, and is void; and that the ordinance must either be construed in connection with the general provisions of the law requiring the performance of road duty, and follow the classifications and make the same exemptions provided by that law, or must be levied equally upon all of the inhabitants of the municipality alike, without making any classification whatever of them.

It is impracticable, even impossible, to announce a general rule or define the limitations, as applicable alike to all cases, between the exercise of lawful and reasonable classification in legislative enactment upon the one hand, and the exercise of unlawful and arbitrary power on the other, and whenever the courts have attempted to lay down such general rules, whereby the difficulties may be solved, new, different, or peculiar cases have arisen to mock and embarass, and serve but to illustrate the futility of the attempt. Each case must, to a more or less extent be judged by and rest upon the facts presented by that case, as to whether or not the particular classification made is or is not an arbitrary and unlawful attempted exercise of power.

Under the recognized rules of statutory construction, and as a matter of independent construction, aside from the question of the ordinance being void because inconsistent with the general laws of the state, the provisions of the ordinance adopted by the city of Montgomery seem to be violative of no underlying principle or rule of municipal legislation, and are but the lawful and reasonable exercise of the authority and power given by the section of the general law upon which it rests. The ordinance provides for an annual street tax of $3

[City of Montgomery v. Barefield.]

upon every male inhabitant of the city between the ages of 21 and 45 years; it provides for working the streets in lieu of or upon failure of payment; and it provides that the fund derived from the tax be kept separate and used for the maintenance of the streets. It also provides a reasonable mode of enforcement, and a provision that the tax shall not apply to persons who have resided in the city less than three months. No restrictions as to classification are placed upon the city in passing a law to put in force and effect the power to tax that is granted to it by section 1336. The power would be empty and the statute nugatory if the city could not, under the power conferred by it, pass a taxing ordinance clearly comprehended within its terms and reasonable in its provisions. The natural and obvious meaning necessarily implied from the general language used in granting the power is that the city shall have the right by ordinance to make a reasonable classification of its inhabitants, and tax them within the limits provided. The ordinance must not, of course, be inconsistent with the general laws of the state, to comply with the constitutional requirement, and that proposition will be considered later.

The ordinance contains no classification of persons unknown to the practice of our lawmakers; there is no unusual discrimination; nothing obnoxious to the general fundamental laws or constitutional provisions. The classification made by the ordinance, in imposing a street tax upon males between 21 and 45 years of age, but recognizes a classification that has been made for generations, and looked upon as reasonable, in matters pertaining to the burdens of taxation. Such a classification was made by the lawmakers of the state of Alabama, in exacting a poll tax, as far back as the first provisions for such a tax in this state, in the year 1822 (Toulmin's Dig. p. 753), and such a classification upon

this subject has been continuously made, without interruption, from that time to the present.

At least two, and the only two, specific qualifications prescribed by the Congress of the United States, in classifying those people of the then "Alabama Territory" who should be entitled to participate in choosing representatives to form a Constitution and state government, in the first instance, for the state of Alabama, are identical with those assailed as arbitrary classification as prescribed by this street tax ordinance of the city of Montgomery, in fixing an age limit and period of residence. "All white male citizens of the United States, who shall have arrived at the age of twenty-one years, and have resided in said territory three months previous to the day of election."—Act of Congress of the United States, approved March 2, 1819; Preface, Brickell's Dig. vol. 2. If usage, custom, and precedent, in making similar classifications by the law-making powers of our state from the very commencement of the government down to the present time, can relieve such classifications as made by this ordinance of the vice of being arbitrary, the Constitutions and statutes of the state abound in examples.

There is no conflict between the ordinance and the general laws of the state in the prohibited sense that the Legislature has no power to authorize municipal corporations to pass laws inconsistent with the general laws of the state, as is provided by section 89 of the Constitution of 1901. The question presented is, not whether section 1336 is violative of the constitutional requirements as to uniform taxation and the equalization of taxes, but, does that section confer upon the municipality the power and authority to enact such a law as the ordinance in question (it being contended, not that the Legislature has passed an act obnoxious to

the constitutional provisions, but that the city has transcended the power granted, in adopting the ordinance, for that it is not consistent with the general road law of the state). The ordinance in question strikes down the provisions of no general law, is not repugnant to it, does not infringe its spirit, and is not in contravention of or in conflict with the operation or enforcement of the general law relating to the performance of road duty. The laws are not contradictory of nor repugnant to each other; they may both coexist and be enforced at the same time, without dependence one upon the other. Each has a separate field of operation in which it may be enforced. The city law specifies no particular persons as exempt, and makes a somewhat different class liable to the payment of street tax than are liable to the performance of road duty under the provisions of the law requiring persons to work the roads, but the constitutional requirement is not for a *conformity* in the laws; it is that they shall not be *inconsistent*, and inconsistent implies contradiction—qualities which cannot coexist—not merely a lack of uniformity in details.

It does not follow, under the constitutional requirement of section 89, that the municipality, being granted this right to pass a street tax law in place of the road law, must pass an ordinance providing for a street tax in all respects uniform with and containing the identical classifications provided by the laws requiring road duty, or violate the constitutional requirement. The constitutional inhibition only goes to *"laws* inconsistent with the general laws of the state." The municipal law must be a law that will consist with the general laws; an enactment that can be put in operation and enforced at the same time, without conflict between the two laws. The road law (sections 5777 and 5778) is no longer in

force or applicable to the inhabitants of municipalities; they are taken entirely out of the operation of that law, and became exempt from its provisions, under section 1336, and the city ordinance cannot be inconsistent with it either as to its adoption or the field of enforcement.

The law authorizing the ordinance is also a general law, and its constitutionality unassailed; by it the power is delegated to the municipality to pass street tax laws, and this is but a recognition of the established rule that the power of local taxation for local purposes may be delegated to and exercised by municipalities. This delegation is one principally in theory only, for, while municipal corporations act merely as the instrumentalities of the state for the purposes of taxation, the right primarily belongs to the local governing body to exercise this power, and the legislature is but recognizing the right in granting the authority. The legislative intent is clear, in that, having the right to delegate to the city the power to tax, the Legislature also had the power to place limitations and restrictions as to classification or otherwise, upon this delegated authority, and, not having done so, it is manifest that it was the legislative intent to leave the municipality free to exercise its discretion in reasonably adjusting the tax to the class of inhabitants taxed, within the limitation fixed as to amount, and to the varying needs and conditions of the different cities; the implied restriction always following that the regulations made and classifications adopted shall be reasonable, and follow general usages.

To levy a street tax on every inhabitant, without regard to age, sex, or condition, would be unreasonable, and no such power was conferred upon the municipality by section 1336; but the power is expressly given, without other restriction than that it must be reasona-

ble, which the law imposes as a general requirement, to levy a street tax, not to exceed $5 per year, upon all its inhabitants, and, if this power is fairly and reasonably exercised, it cannot be successfully assailed as a void enactment, because it is not entirely uniform with and does not follow the provisions, as to exemptions and classification, of a general law that is not applicable to the persons affected, and can only operate and be enforced in another and separate field.

It is true that this power, given the city to levy upon the inhabitants within its borders a tax to maintain its streets, is in lieu of the duty to perform services under the road law exacted of certain persons living outside of the territorial limits of the municipalities, as has been decided in the cases of *Whitt v. Gadsden*, 160 Ala. 271, 49 South. 271, and *Taylor v. State*, 147 Ala. 131, 41 South. 776; but "as a substitute for," as used in these cases, means no more than that the tax is cumulative, and that a person who is subject and has paid or performed one cannot be made subject to the other for the same period; and not, as contended by appellee, that the street tax law and the road-working law must be identical and conform in all of their requirements as substitutes for each other. That these cases cannot properly be given such a construction and do not vitally touch the question under consideration is borne out by the fact that section 1336 of the Municipal Code was not before the court or involved in those cases, and, in fact, at the time of the decision in the *Taylor Case, supra* (July 6, 1906), that law had not been passed, and prior to that time the right to levy street taxes had been granted or delegated by special acts of the Legislature to various cities of the state, and these cities under the authority granted to them, had passed varying street tax laws, many of them widely differing in their

classifications from those provided by the general law for working the roads in the rural districts.

From what we have said, it will be seen that, so far as the issues presented by the record in this case are concerned, the payment of a street tax by appellee under protest was but a mere legal payment under the provisions of a valid ordinance, and he cannot, for that reason, maintain this suit to recover from the city the tax thus paid to it, and the judgment rendered against appellant is erroneous and must be reversed, and judgment here rendered in favor of appellant.

It is not necessary to pass in detail upon the various rulings had upon the pleadings in the trial court. The court was in error in overruling the motion and demurrers of defendant (appellant) directed to the insufficiency of counts 2, 3, 4, 5, and 9 of the plaintiff's complaint, and in rendering judgment in favor of the appellee on the agreed statement of facts.

Reversed and rendered.

