(130 So. 369)

### CITY OF MOBILE v. COLLINS.

1 Div. 929.

Court of Appeals of Alabama.

June 24, 1930.

Rehearing Denied Aug. 19, 1930.

42

D. R. Coley, Jr., of Mobile, for appellee.

Vincent F. Kilborn, of Mobile, for appellant.

RICE, J.

The city of Mobile passed an ordinance in words and figures as 'follows:

"An Ordinance to levy a street tax
"Be it ordained by the Board of Commissioners of the City of Mobile as follows:

"Section 1: That every inhabitant of the City of Mobile shall, on or after the first day of July of each year, and before September 1st, of each year, pay to the City Tax Collector for the use of the City of Mobile, an annual street tax of five ($5.00) Dollars; provided that any person liable for said street tax may, in lieu of said tax, work six days on the public streets of the City of Mobile under the direction of the Superintendent of Streets, by September 1st of each year.

"Section 2: All women, and all men under the age of twenty-one and over the age of sixty years; all persons who are totally blind or who have lost an arm or leg; and all persons who, by nature or disease, are rendered incapable of earning a livelihood, who shall procure a certificate of such incapacity from the County Health Officer, are exempt from payment of the street tax levied by this ordinance.

"Section 3: That the money derived from the street tax hereby levied shall be kept in a separate fund and used for the maintenance and construction of the streets of the City of Mobile, and for no other purpose.

"Section 4: That any person liable for a street tax under the provisions of this ordinance, who fails to pay the same or discharge the same in labor in the manner prescribed in section 1 of this ordinance, by the first day of September of each year, shall be guilty of an offense against the City of Mobile and shall upon conviction be fined not less than $5.00 nor more than $25.00.

"Section 5: That this ordinance shall be in force and effect from and after its adoption and publication, and the street tax for the calendar year 1928 shall be due and payable on and after July 1st, 1928 and delinquent after September 1st, 1928."

Thereafter, and while said ordinance was in force, it instituted prosecution before the recorder of the city of Mobile against this appellee, a man of the admitted age of 48 years, alleging that he had violated the terms of said ordinance, etc. Upon his conviction before the recorder, appellee carried the case to the circuit court of Mobile county by appeal, where, upon due complaint being filed by the city, he interposed the following grounds of demurrer:

"First: Because the ordinance upon which the same is based is void and unconstitutional.

"Second: The ordinance upon which the said complaint is based is void because it provides for the taking and applying of private property to public use without just compensation in violation of Section 23 of the Constitution of the State of Alabama.

"Third: Because the ordinance upon which said complaint is based is void and unconstitutional because it is inconsistent with and conflicts with the general laws of the State of Alabama.

"Fourth: Because said ordinance is void, illegal and obnoxious to and in conflict with the general laws of the State, especially section 1354 of the Code of 1923, in that it makes an arbitrary and unreasonable classification of the inhabitants of the City of Mobile.

"Fifth: The ordinance upon which the complaint in this case is based is void because it is in conflict with the general laws of the State of Alabama, particularly section 1354 of the Code of 1923 which exempts from road duty all male inhabitants over the age of forty-five years.

"Sixth: Because said ordinance provides for no warning to work the streets nor any plan by which an inhabitant might perform such duty.

"Seventh: Because Section 2151 of the Code of 1923 of the State of Alabama, is unconstitutional and in violation of Section 89 of the Constitution of Alabama in that it authorizes a municipal corporation to pass a law inconsistent with the general laws of the State of Alabama, in that it authorizes an ordinance levying a tax in violation of Section 211 of the Constitution of Alabama.

"Eighth: Because Section 2151 of the Code of Alabama of 1923 is unconstitutional in that it authorizes a municipal corporation to pass a law inconsistent with the general laws of this State exempting from road duty all men over the age of forty-five years."

The demurrer of appellee, containing the grounds just set out, was sustained; whereupon, the city of Mobile declined to plead further, and judgment was rendered discharging appellee. From this judgment the city brings this appeal, under the terms of Code 1923, § 1943, and assigns for error the action of the trial court in sustaining appellee's demurrers to its complaint, as aforesaid, and in rendering judgment discharging appellee.

The action of the court below in sustaining appellee's demurrers, in connection with the assignments of error, and the argument and insistence made here, seem to us to present these three questions, essential to a correct disposition of this appeal:

1. Is the ordinance above void because it is inconsistent with section 1354 of the Code of 1923, and therefore in contravention of section 89 of the Constitution of Alabama of 1901?

2. Is section 2151 of the Code of Alabama of 1923, under and in pursuance of the authority of which said ordinance was passed, unconstitutional and void, because it authorizes a municipal corporation to pass an ordinance inconsistent with the general laws of the state (Code 1923, § 1354), which exempt from road duty all men over the age of 45 years?

3. Is section 2151 of the Code of Alabama of 1923 unconstitutional and void because it violates section 89 of the Constitution of Alabama of 1901, in that it authorizes a municipal corporation to pass an ordinance, inconsistent with the general laws of the state, by levying a tax in contravention of the terms of section 211 of the said Constitution of 1901?

We have endeavored to state the questions, as they have been presented and argued; whether we have stated them exactly as they have been so formed, or not, it is apparent that if the answer to each, as we have stated it, is in the negative, the action of the trial court in sustaining appellee's demurrer was erroneous; while if any one of said questions should be answered in the affirmative, the judgment of the lower court should be upheld.

 Skillful and strenuous argument is made here that the answers to the first two of the questions we have set out above should be in the affirmative, because, while the general laws of the state, as embodied in section 1354 of the Code of Alabama 1923, exempt "from working on public roads" all men "over the age of 45 years," the ordinance here in question requires a "street tax" of all men of the age of not more than 60 years. Most of the argument made by appellee's able counsel in this regard has been heretofore fully answered, adversely to his present insistence, by the opinion of this court, written by the late, learned, and lamented Judge Pelham, in the case of City of Montgomery v. Barefield, 1 Ala. App. 515, 56 So. 260, 262. We quote, and adopt as our own utterances, the following excerpts from the opinion in that case, letting it be simply kept in mind that, as the opinion was written while the Alabama Code of 1907 was in effect, wherever "Section 1336" appears, "Code 1923, § 2151," in all *essential* respects, similar, should be substituted; and that wherever "Sections 5777 and 5778" appear "Code 1923, §§ 1353 and 1354," exactly similar, should be substituted, to wit:

"The appellee, against whom the city seeks to enforce this tax, contends that the ordinance makes an arbitrary classification, is inconsistent with the general laws of the state, thereby violating section 89 of the Constitution, and is void. * * *

"It is impracticable, even impossible, to announce a general rule or define the limitations, as applicable alike to all cases, between the exercise of lawful and reasonable classification in legislative enactment upon the one hand, and the exercise of unlawful and arbitrary power on the other, and whenever the courts have attempted to lay down such general rules, whereby the difficulties may be solved, new, different, or peculiar cases have arisen to mock and embarrass, and serve but to illustrate the futility of the attempt. Each case must, to a more or less extent be judged by and rest upon the facts presented by that case, as to whether or not the particular classification made is or is not an arbitrary and unlawful attempted exercise of power. * * *

"No restrictions as to classification are placed upon the city in passing a law to put into force and effect the power to tax that is granted to it by section 1336. The power would be empty and the statute nugatory if the city could not, under the power conferred by it, pass a taxing ordinance clearly comprehended within its terms and reasonable in its provisions. The natural and obvious meaning necessarily implied from the general language used in granting the power is that the city shall have the right by ordinance to make a reasonable classification of its inhabitants, and tax them within the limits provided. * * *

"There is no conflict between the ordinance and the general laws of the state in the prohibited sense that the Legislature has no power to authorize municipal corporations to pass laws inconsistent with the general laws of the state, as is provided by section 89 of the Constitution of 1901. * * *

"The ordinance in question strikes down the provisions of no general law, is not repugnant to it, does not infringe its spirit, and is not in contravention of or in conflict with the operation or enforcement of the general law relating to the performance of road duty. The laws are not contradictory of nor repugnant to each other; they may both coexist and be enforced at the same time, without dependence one upon the other. Each has a separate field of operation in which it may be enforced. The city law specifies no particular persons as exempt, and makes a somewhat different class liable to the payment of street tax than are liable to the performance of road duty under the provisions of the law requiring persons to work the roads, but the constitutional requirement is not for a *conformity* in the laws; it is that they shall not be *inconsistent*, and inconsistent implies contradiction—qualities which cannot coexist—not merely a lack of uniformity in details.

"It does not follow, under the constitutional requirement of section 89, that the municipality, being granted this right to pass a street tax law in place of the road law, must pass an ordinance providing for a street tax in all respects uniform with and containing the identical classifications provided by the laws requiring road duty, or violate the constitutional requirement. The constitutional inhibition only goes to 'laws inconsistent with the general laws of the state.' The municipal law must be a law that will consist with the general laws; an enactment that can be put in operation and enforced at the same time, without conflict between the two laws. The road law (sections 5777 and 5778) is no longer in force or applicable to the inhabitants of municipalities; they are taken entirely out of the operation of that law, and become exempt from its provisions, under section 1336, and the city ordinance

cannot be inconsistent with it either as to its adoption or the field of enforcement. * * *

"The legislative intent is clear, in that, having the right to delegate to the city the power to tax, the Legislature also had the power to place limitations and restrictions as to classification or otherwise, upon this delegated authority, and, not having done so, it is manifest that it was the legislative intent to leave the municipality free to exercise its discretion in reasonably adjusting the tax to the class of inhabitants taxed, within the limitation fixed as to amount, and to the varying needs and conditions of the different cities; the implied restriction always following that the regulations made and classifications adopted shall be reasonable, and follow general usages.

"To levy a street tax on every inhabitant, without regard to age, sex, or condition, would be unreasonable, and no such power was conferred upon the municipality by section 1336; but the power is expressly given, without other restriction than that it must be reasonable, which the law imposes as a general requirement, to levy a street tax, not to exceed $5 per year, upon all its inhabitants, and, if this power is fairly and reasonably exercised, it cannot be successfully assailed as a void enactment, because it is not entirely uniform with and does not follow the provisions, as to exemption and classification, of a general law that is not applicable to the persons affected, and can only operate and be enforced in another and separate field.

"It is true that this power, given the city to levy upon the inhabitants within its borders a tax to maintain its streets, is in lieu of the duty to perform services under the road law exacted of certain persons living outside the territorial limits of the municipalities, as has been decided in the cases of Whitt v. Gadsden, 160 Ala. 271, 49 So. 682, and Taylor v. State, 147 Ala. 131, 41 So. 776; but 'as a substitute for,' as used in these cases, means no more than that the tax is not cumulative, and that a person who is subject and has paid or performed one cannot be made subject to the other for the same period; and not, as contended by appellee, that the street tax law and the road-working law must be identical and conform in all of their requirements as substitutes for each other. That these cases cannot properly be given such a construction and do not vitally touch the question under consideration is borne out by the fact that section 1336 of the Municipal Code was not before the court or involved in those cases, and, in fact, at the time of the decision in the Taylor Case, supra (July 6, 1906), that law had not been passed, and prior to that time the right to levy street taxes had been granted or delegated by special acts of the Legislature to various cities of the state, and these cities, under the authority granted to them, had passed varying street tax laws, many of them widely differing in their classifications from those provided by the general law for working the roads in the rural districts."

As illustrating the last remark made, in the quotation from the opinion in the City of Montgomery v. Barefield Case, supra, we set out the following list, as it appears in the excellent brief submitted here on behalf of appellant, to wit:

"1. The act of December 9, 1896, entitled, 'An act to establish a new charter for the City of Huntsville,' confers authority to levy street tax against male inhabitants between the ages of 18 and 55. See section 23 of the Act at page 406, Acts of Alabama of 1896—97.

"2. Act of March 2d, 1901, General Acts of 1900—01, page 2057, confers on the authorities of Selma, Alabama power to levy street tax between the ages of 21 and 55. See to the same effect Acts of 1900—01, page 2170.

"3. Act to establish a new charter for the Town of Jasper, Alabama, fixes (General Acts of 1900—01, page 437) age limits for street taxes as between 21 and 55.

"4. The act to establish a new charter for the City of Talladega confers upon the mayor and aldermen of that town the power to exact street tax of males between the ages of 18 and 50. See Acts of 1896—97, at page 113.

"5. The act to establish a new charter for the town of Seale in Russell County, confers on the corporate authorities the power to levy street tax on males between the ages of 18 and 50, Acts of 1896—97, at page 938.

"6. The Act of 1882, to amend an act to establish a new charter for the City of Birmingham, in section 24 thereof (Acts of 1882—83, page 318) confers authority to require all male inhabitants between the ages of 18 and 50 to work on the streets.

"7. The act approved January 27th, 1883, entitled, 'An act to establish a new charter for the City of Gadsden,' at Page 300, Acts of 1882—83, gives the mayor and aldermen of that town authority to require all male inhabitants between the ages of 18 and 50 to work on the streets.

"8. Bessemer charter of 1900, Acts of 1900—01, page 487—age limits for street tax 18 to 50.

"9. Ensley charter of 1900 Acts of 1900—01, page 265—age limits for street tax fixed at 18 to 50.

"10. Charter of Louisville, Alabama, Acts of 1900—01, page 599—age limits for street tax fixed at 18 to 50.

"11. Charter of Talladega, Acts of 1900—01, page 1577—age limits for street tax fixed at 18 to 50. · The same age limits were in the charter of earlier date. Acts of 1886—87, page 527.

"12. Sylacauga could assess street tax between ages of 21 and 50 under Acts of 1886—87, page 459."

From what we have said—true enough, largely, by borrowing Judge Pelham's language—it is apparent that our answers to each of the first two "questions" stated by us in the early paragraphs of this opinion will be, "No," unless it can be said that the ordinance in question makes a classification of those from whom "street tax" is required that is "an arbitrary and unlawful attempted exercise of power," or that it makes such a classification that is not "reasonable," and does not "follow general usages." This boils down to the question of whether or not it is "reasonable" to require a "street tax," or "street duty," of an able-bodied male, of the age of 60 years. We think it is.

If there *was* a time, when a man was *old* at 60, that time is no more. To-day, it is not unusual to find men of the age of three score years, and more, taking new wives, beginning new families, and in various ways demonstrating that senility, if it has any place at all, in the present day scheme of things, belongs only to those who have lived beyond the biblical three score years and ten.

So, we hold that the answer to each of the first two "questions," set out hereinabove, is, "No."

▇▇ Now, as for the answer to the *third* "question," above mentioned, we begin our remarks by quoting, in full, section 7318 of the Code of Alabama of 1923, to wit:

"The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the constitution of the state."

While it is true, as pointed out by counsel for appellee, in his brief filed on this appeal, that the constitutionality, vel non, of section 2151 of the Code of 1923, as measured by section 211 of the Constitution of 1901, has never been squarely decided by the Supreme Court, yet that court has given what seems to us to be a clear indication of its opinion on the subject. And, of course, it is *our* duty to conform *our* opinion thereto.

Code 1923, § 2151 (the same in all essential respects as Code 1907, § 1336), is as follows:

"The inhabitants of any municipality shall be exempt from working on the roads or highways outside the limits thereof, and may be required, for the support of the streets within such limits, to pay a street tax of not exceeding five dollars per year, which must be kept in a separate fund and used for the maintenance and construction of the streets of the municipality, and for no other purpose."

In the case of Ex parte City of Birmingham (Best v. City of Birmingham) 201 Ala. 641, 79 So. 113, 115, wherein a decision of this court, based upon a contrary view, was reversed, the Supreme Court was considering the validity, vel non, of a "street tax" ordinance of the city of Birmingham, not distinguishable in its essential features from that here under review. There, that court said:

"The Court of Appeals treats the question as if the $5 mentioned in the statute and ordinance was a mere tax and nothing more, and holds that without express statutory authority its payment could not be compelled or coerced, except by an ordinary civil suit. If it is a mere tax, this is true; but it is not a tax in this sense, although it is called a 'tax' in the statute, in the ordinance, and in common parlance. As has been often pointed out by this court, it is not a tax in this sense, though it is called a 'street tax' in the statutes and ordinances. The statute itself, and all similar ones, would be unconstitutional if the payment of the $5 could be justified only as a mere tax. It could not, of course, be justified as a poll tax, because the Constitution limits the amount of the poll tax to $1.-50, and requires the proceeds thereof to be paid into the public school fund. Const. 1901, §§ 194, 259. It is not a property tax, and cannot be justified as such. It does not purport to be a franchise or license tax. It is, in law, a commutation of the public and personal duty to work or maintain the public roads, streets, or highways. This was pointed out by this court, at an early date, in the case of Lewin v. State, 77 Ala. 45, as to the phrase 'road tax,' and what was there said as to that expression is here exactly apt to the construction of 'street tax':

" 'In our opinion, the term "road tax" was intended here to mean road duty. It is used in connection with the cognate subjects of military duty and jury duty. In its strict sense, there is no such assessment as a road tax under our laws. The nearest approach to it is the additional poll tax which is sometimes imposed in city charters as the price of exemption from liability to work on the streets of a city.'

"In later cases the same construction is applied, notably in Whitt v. City of Gadsden, 160 Ala. 271, 272, 49 So. 682, where it is said:

" 'Street tax in the city is a substitute for road duty in the rural districts. The law provides that "no person * * * is liable * * * to work more than ten days in any

one year." Code 1907, § 5779. This court has said that "the payment of street tax in an incorporated town cr city is a substitute for the performance of road duty, and it is not the intention of the law that a man shall be liable for both for the same period." Taylor v. State, 147 Ala. 131, 132, 41 So. 776.'

"In a more recent case, that of Toone v. State, 178 Ala. 70, 73, 74, 59 So. 665, 666, 42 L. R. A. (N. S.) 1045, speaking of a similar tax as to public roads, it was said:

"'If this act provides for the levy of a tax, and not the imposition of a duty essential to citizenship, then it is not such a uniform ad valorem one as is required by section 211 of the Constitution of 1901, and sections 7, 8, and 15 of the act would fall under the influence of Smith v. Commissioners' Court, 117 Ala. 196, 23 So. 141. It may be conceded, however, that the act is not intended as the levy of a tax as covered by section 211 of the Constitution, but was enacted for the purpose of requiring persons to discharge their duties as to the maintenance of the public roads of the county. The authorities are numerous to the effect that a law requiring persons to work upon the public roads, in person or by a substitute, or authorizing a fixed sum by way of commutation, is not unconstitutional, and is not double taxation, even where the road is kept up in part by taxation. The theory is that requiring such labor is not taxation at all, but is the exaction of a public duty. Elliott on Roads and Streets (3d Ed.) § 480, and cases cited in note; 37 Cyc. 708, and note 16.'"

If the levy authorized by Code 1923, § 2151, is not a "tax," but is, as stated by the Supreme Court, merely "a commutation of the public and personal duty to work or maintain the public roads, streets, or highways," then it is very clear that, under the opinion in the case of Toone v. State, quoted, in part, by the Supreme Court in its opinion in the Ex parte City of Birmingham (Best v. City of Birmingham) Case, supra, and, as is, in fact, conceded by appellee, the said Code 1923, § 2151, does not offend section 211 of the Constitution of 1901, by authorizing an ordinance levying a *tax* in violation of its provisions.

So, we are brought to answer, "No," to the third, and last, of the questions stated above, by us—the answers to which questions we deem decisive of this appeal.

Each of said questions being answered in the negative, and there being no other questions presented, it results that the trial court was in error in sustaining appellee's demurrer to the complaint, and in rendering judgment discharging him from custody. The judgment appealed from is reversed, and one here rendered overruling appellee's de-murrer to the complaint, and the cause is remanded for further proceedings.

Reversed, rendered, and remanded.