F. J. OSBORNE v. COMMISSIONERS OF MECKLENBURG COUNTY.

*Road-Law Construed—Streets in a City not Subject to— Bridging Streams—Taxation.*

1. The act of 1879, ch. 83, which directs the commissioners of Mecklenbug, Forsyth and Stokes counties to divide their respective counties into road districts, to be under the control of supervisors therein provided for, and authorizes the levy of a tax for the repair and improvement of highways, was not intended to apply to incorporated cities and villages in those counties.

2. The construction and repair of bridges over large streams, beyond

the means of the several road-districts, devolves by the general law upon the county authorities; and taxes for this purpose should be levied upon all the subjects of taxation within the county, whether the same be situate within or without the cities and villages.

3. Taxes for road purposes, which may be discharged by labor on the road, stand on a different footing, and must be controlled by the same principle which governs the taxation of the labor itself.

APPLICATION for Injunction heard at Fall Term, 1879, of MECKLENBURG Superior Court, before *Buxton, J.*

The plaintiff, on behalf of himself and others, the male residents in the city of Charlotte between the ages of eighteen and forty-five years, and tax payers, seek in this action to restrain the defendants from enforcing certain provisions of the act of March 13, 1879, within the corporate limits of that city. Act 1879, ch. 83. The act which is confined to the counties of Mecklenburg, Forsyth and Stokes (sec. 40) directs the commissioners of these counties to divide them into suitable road districts, to be under the control of supervisors first appointed by them (sec. 34) and afterwards biennially elected, and requires all male persons, within the age specified, who are able to perform or cause to be performed the required labor, to work annually on the public roads a time not exceeding four days. (Sections 1, 2 and 4.) The commissioners are further authorized, at their annual sessions in the month of June, to levy a tax of limited amount for the construction and repair of bridges and the improvement of highways. The commissioners have made the city of Charlotte, with its defined corporate boundaries, a single road district, declared the streets therein public roads within the meaning of the statute, and appointed a supervisor to enforce road duties upon such as are liable thereto. They have also levied a tax, under the authority given in section 17, upon all the taxable property in the county, including that in said city, and are taking measures to collect the same "for road and bridge purposes."

26

The only question raised by the demurrer, is, as to the application of these provisions of the act to the persons and property in the city of Charlotte, and this alone is before this court on the appeal of defendants from the judgment below overruling the demurrer.

*Mr. Clem. Dowd,* for plaintiff.
*Messrs. Wilson & Son,* for defendants.

SMITH, C. J., after stating the case. Although cities and incorporated towns are not expressly mentioned and excluded from the comprehensive and general language of the act which directs a division of the territory of the " counties into suitable road districts," yet the inference of an intention to exclude, is plainly deducible from the structure and scope of the act, and warranted by the inconveniences and embarrassments which will attend any other interpretation. This will sufficiently appear from an examination of some of its provisions.

Its title is " An act relating to *roads and highways,*" language appropriate to those thoroughfares which traverse the country, and not to the streets of a populous incorporated city or town. A *street,* as defined by Worcester, is " a public way in a city or town passable by carriages ;" and by Webster, as a " paved way or city road ;" while a *road* is defined by the former to be " an open way or public passage, as between one town, city or place and another," and by the latter, " a track for travel forming a communication between one city, town or place and another." It will be noticed that the statute makes no mention of *streets,* but speaks throughout of *roads and highways,* to be laid out, improved and repaired, an omission significant of its objects. The intention will be more manifest by looking into its details, which are appropriate to the county territory outside, but not to that within the city limits.

The supervisors are authorized to enter upon lands near or adjoining, uncultivated or unencumbered with crops, for timber, sand or other materials needed in repairing their roads, and to cut ditches for drainage to some near and convenient water course, section three ; to construct foot bridges over streams of water, section twelve ; to erect at the forks or cross-roads posts and guide boards with " legible letters directing the way and distance " to some town or public place on their roads, section thirteen ; and to do other acts appropriate to county highways only.

In our opinion incorporated cities and towns whose charters make provision for the repair of streets are not included, nor intended to be included, in an act to regulate roads and highways; and they are still left in possession of their chartered rights and privileges in this regard. By section 22 of the act of March 10, 1866, incorporating the city of Charlotte, it is made the duty of its board of aldermen " to keep the streets of said city in good order," and to this end they have power, and it is their duty to cause the said streets to be drained, " and they may have them graded and paved," may " lay out and open new streets or widen those already made, and make such improvements as the public convenience may require."

It can hardly be supposed that these provisions of the charter were intended to be swept away and superseded by the very inadequate substitute of the general law in regard to public roads ; and the conflict between them is avoided by a construction of the act which confines its operation to parts of the county in which roads, as distinguished from streets, are to be found. The action of the defendants therefore in declaring the streets to be roads, and laying off the city into a road district, and placing it under a supervisor, is unauthorized by the statute, and void.

2. The plaintiff also demands an injunction against the levy of the tax for road and bridge purposes, under section

17.  The construction and repair of bridges over large streams and rivers, beyond the means of the supervisors of the separate road districts, and the force at their disposal, by the general law devolves upon the county authorities, and taxes should for this purpose be levied as part of those required for current county expenses upon all taxable property, as well within as without the city limits, and to this extent the defendants have exercised a lawful power.  But those to be collected for road purposes and which may be discharged by labor on the roads, and the proceeds whereof are distributable among the districts under sections 18 and 19, stand upon a different footing.  This provision is but subsidary and in aid of the labor imposed upon the road hands, and the exaction of the tax must be controlled by the same principle that applies to the requirement of the labor itself.  If the labor, needed in the reparation of the public roads outside of the city, cannot be demanded of its residents, neither should be the tax which takes its place.

There is no violation of the rule of uniformity and equality prescribed in the constitution, any more than is the levy of unequal taxes in different counties for county purposes.  The territory of the county is divided into separate parts, occupied by the city and outside of it, and different taxation is imposed by different taxing powers for its separate parts. The repair of the streets is provided for in the charter, and its burden rests exclusively upon the inhabitants and their property therein.  The same duty and the like burden as to the roads, rest upon those and their property who are outside the corporate boundaries.  But the taxation for the two objects, one of which is sanctioned by the act while the other is not, is blended in a single *ad valorem* per centum, and the plaintiff is entitled to be protected from so much of it only as is to be applied to the reparation of the public roads. The demurrer which goes to defeat the whole action must

therefore be overruled, and the judgment below sustained. This will be certified.

PER CURIAM.                                     Modified.

SMITH, C. J.   Since this opinion was prepared, and at its late session, the general assembly passed an act amendatory of that construed and which contains the following provisions: · Sec. 44. This act shall not apply to any incorporated city or village, and any labor or tax levied or required of any citizen of any city or incorporated village, by the " act relating to roads and highways" ratified the 13th day of March, 1879, is hereby remitted.