# City of Montgomery *v.* Gilmer.

### *Violating Municipal Ordinance.*

(Decided May 30, 1911.   Rehearing denied June 14, 1911.
56 South. 264.)

*Municipal Corporations; Ordinances; Street Taxes.*—An ordinance requiring the inhabitants of a city to pay a street tax is authorized by section 1336, Code 1907, and hence, is not void for want of power in the city to enact it.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

M. N. Gilmer was convicted in the recorder's court of the city of Montgomery for a violation of the street tax

ordinance and appeals to the city court of Montgomery where a judgment was entered acquitting him of the charge and the city appeals. Reversed and remanded.

C. P. McINTYRE, for appellant. Counsel uses the same argument and cites the same authority as is cited in his brief in the case of *City of Montgomery v. Barefield,* next above.

ARRINGTON & HOUGHTON, for appellee. Counsel uses the same argument and cites the same authorities as in their briefs filed in the case of *City of Montgomery v. Barefield,* next above. They insist on rehearing, however, that the third ground of demurrer raises the proposition that the ordinance exempts corporations and that this point should have been decided. In support thereof they cite *Bir. W. W. Co. v. The State,* 159 Ala. 618. They insist that the ordinance is void because it makes the failure to pay street tax a criminal offense, which they insist was not authorized by the Legislature.—28 Cyc. 1728; 37 Cyc. 724.

PELHAM, J.—The appellee was tried and convicted in the recorder's court of the city of Montgomery for violation of or failure to pay a street tax, as provided by an ordinance of the city of Montgomery (appellant). An appeal was prosecuted to the city court of Montgomery, where there was judgment in favor of appellee and against appellant; and the city brings the case to this court by an appeal from the judgment there rendered.

This case involves the validity of practically the same ordinance as was held by this court to be valid in the case of *City of Montgomery v. J. P. Barefield, Infra,* 56 South. 260, at the present term of the court. The differences in the two ordinances are inconsequential, so far as a determination of this case on the proposi-

[Ex parte Haley.]

tions presented by the record is concerned. Section 1336 of the Code of 1907 (municipal laws) does not authorize the cities to impose road duty, but specially exempts the inhabitants of any municipality from working the roads, and authorizes the city authorities to require of its inhabitants a street tax for the support of the streets within the corporate limits. This the ordinance in question does, and by so doing does not exceed the authority given.

The other questions presented were disposed of adversely to the appellee in the case referred to, and following the rulings made in that case ( *City of Montgomery v. Barcfield, supra*), the judgment of the trial court is reversed, as the demurrers to the complaint were improperly sustained, and the case remanded.

Reversed and remanded.