(80 South. 695)

### BEST v. CITY OF BIRMINGHAM.
(6 Div. 312.)

(Court of Appeals of Alabama. Dec. 17, 1918.)

MUNICIPAL CORPORATIONS ☞672 — STREET TAX—EXEMPTION—STATUTE—"ROAD DUTY" —"STREET DUTY"—"ROAD"—"STREET."

Under the "Judge Bill" (Acts 1915, p. 589), citizens of city of Birmingham are not exempt from liability to pay street tax, "road duty" and "street duty," referred to, having separate fields of operation, first referring to roads outside city, other to streets within it; a "street" being a public or paved way in a city or town, while a "road" is a way between municipalities.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Road; Street.]

Appeal from Criminal Court, Jefferson County; Wm. E. Fort, Judge.

Frank F. Best was convicted of failing to pay a street tax, as provided in an ordinance of the City of Birmingham, and appeals. Affirmed.

See, also, 201 Ala. 641, 79 South. 113.

Horace C. Wilkinson and Joseph Embry, both of Birmingham, for appellant.

M. M. Ullman and W. H. Sadler, Jr., both of Birmingham, for appellee.

BRICKEN, J. The defendant was tried by the court without a jury, upon an agreed statement of facts, and was convicted of the offense of failing to pay a street tax as provided in Ordinance No. 405 C of the city of Birmingham.

There were two propositions insisted upon as error by the appellant, to wit: (1) That the provisions of the act known as the "Judge Bill" (Acts 1915, p. 589) relieved the inhabitants of the city of Birmingham from any liability to pay street tax. (2) That so much of the ordinance as authorizes the imposition of a fine on the person liable to the tax who fails to pay or discharge it in labor is ultra vires.

The latter proposition was decided adversely to the contention of the appellant by the Supreme Court in Ex parte City of Birmingham (Best v. City of Birmingham, 79 South. 113 [1]) in reviewing the opinion of this court heretofore promulgated, on certiorari.

The remaining question, "Are the citizens of the city of Birmingham exempt from street tax?" must also be decided adversely to the contention of the appellant; the contention of the appellant being that under the Judge Bill, supra, "all inhabitants of the city of Birmingham are exempt from any legal obligation to work on the public streets of the city of Birmingham or to pay any penalty in default thereof."

At the 1915 session of the Legislature, the "Judge Bill" referred to was passed, and is in words and figures as follows:

"An act to relieve all persons, other than county convicts, of any obligations to work on the public roads or to pay any penalties in default thereof, in counties of the state of Alabama whose aggregate tax values according to the complete assessments of the preceding year amount to as much as one hundred million dollars.

"Be it enacted by the Legislature of Alabama, as follows:

"Section 1. In all counties in the state of Alabama whose aggregate tax values, according to the complete tax assessments of the preceding year, now or hereafter, amount to as much as one hundred million dollars, all persons shall be relieved of any legal obligation to work on the public roads or to pay any penalty in default thereof.

"Sec. 2. All general and local laws in conflict with the provisions of this act be, and the same hereby are, repealed.

"Sec. 3. Nothing herein contained shall prevent or interfere with the working of county convicts on the public roads of the counties herein described.

"Approved September 16, 1915."

Acts 1915, p. 589.

This act only applies at present to Jefferson county, in which the city of Birmingham is situated. This bill by its terms refers to and deals only with road duty, and not with street tax which is provided for by the charter of the city and by Ordinance 405 C, supra, under which the defendant was tried and convicted. The terms "road duty" and "street duty" have separate and distinct

[1] 201 Ala. 641.

fields of operation, the one referring to roads, etc., outside the city, and the other to streets inside the city. A "street," as defined by Worcester, is "a public way in a city or town passable by carriages," and by Webster as "a paved way or city road"; while a "road" is defined by the former to be "an open way or public passage, as between one town, city, or place and another," and by the latter, "a track for travel forming a communication between one city, town, or place and another." And on this question, our Supreme Court, in Board of Revenue v. State ex rel. City of Birmingham, 172 Ala. 138, 54 South. 757, said:

"We feel impelled to affirm that the makers of the Constitution recognized and wrote to the generally well-understood distinction, in reference, between roads and streets—a distinction thus aptly noted by Stone, J., in McCain v. State [62 Ala. 138]: 'Manifestly what we know as a public road or highway has very little resemblance to a street in a village, town, or city. * * * They cannot both be a public road of the county, as that phrase is understood, and a street, of an incorporated village at one and the same time. One character must yield to the other.' * * * It necessarily results, * * * that in the use of the term 'roads,' municipal streets were not included."

· The difference in meaning between "road duty" and "street duty" is clearly stated in the case of Osborne v. Commissioners, 82 N. C. 400, and the distinction between the two is fully recognized in our legislative enactments, and in the reported cases in this state. The distinction is maintained in section 47 of the charter of the city of Birmingham in authorizing the city to require its citizens to work on the streets, and exempting them from working on the roads; and in section 1336 of the Code, in exempting them from working on the roads, and authorizes a street tax for the support of the streets; and in section 5777 of the Code, making all persons liable to work the roads, and providing that the court of county commissioners, or board of revenue, shall divide the county into road precincts, and providing for the appointment of apportioners and overseers, and reporting such appointments to the probate judge, etc.; and in section 5838 of the Code, authorizing the county commissioners to accept not more than $10 in lieu of road duty, which money goes into the road fund of the county and makes many other provisions wholly inapplicable to streets in cities.

The terms "road duty" and "street duty" have separate and distinct fields of operation, the one referring to roads, outside of the city, the other to streets, inside the city. City of Montgomery v. Barefield, 1 Ala. App. 515, 56 South. 260; City of Montgomery v. Gilmer, 1 Ala. App. 526, 56 South. 264. And the Supreme Court of this state has expressly held, in line with the Barefield and Gilmer Cases, supra, that street duty has reference to highways of a city, and road duty to highways outside the city. State ex rel. City of Tuscaloosa v. Court of County Commissioners, 173 Ala. 724, 54 South. 763; Board of Revenue v. State ex rel. City of Birmingham, supra.

The "Judge Bill," therefore, under its expressed provisions, does not relieve the citizens of the city of Birmingham from liability to pay street tax.

The ruling of the trial court being in accord with the views herein expressed, it follows that the judgment therein must be affirmed.

Affirmed.