166 So.2d 607 (1964)
CITY OF HIALEAH, a municipality, and O. Harris, Appellants,
v.
James HUTCHINS, Appellee.
No. 63-603.
District Court of Appeal of Florida. Third District.
June 23, 1964.
Rehearing Denied August 18, 1964.
*608 Ralph F. Miles, Hialeah, for appellants.
Alfred Gustinger, Jr., Irving Whitman and Kenneth L. Ryskamp, Miami, for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
HORTON, Judge.
The appellants were the defendants below and appeal a final judgment rendered upon jury verdicts in an action for personal injuries. These injuries grew out of an assault and battery committed upon appellee by appellant Harris, a police officer employed by the appellant city.
The jury returned four separate verdicts in the cause. The first verdict was in favor of the appellee and against the appellant Harris for compensatory damages in the sum of $1,227.25. The second verdict was in favor of the appellee and against the appellant Harris for punitive damages in the sum of $5,000. The third verdict was in favor of the appellee and against the appellant city for compensatory damages in the sum of $32,627.25, and the fourth verdict was in favor of the appellee and against the appellant city for punitive damages in the sum of zero dollars. After the entry of the judgment, the court, on the appellants' motions, granted a new trial and an appeal from that order was prosecuted to this court. This court reversed the order granting a new trial upon the ground that no reasons had been stated in the order as required by *609 the statute as a basis for granting the order.[1] After the mandate of this court and reinstatement of the judgment, the appellants took this appeal.
Four questions are posed by the appellants for reversal, i.e., (1) whether there appears fundamental error in the court's entry of final judgment on defective verdicts; (2) whether the evidence was insufficient to sustain a verdict against the appellant city for $32,627; (3) whether the evidence sustained the granting of a new trial; and (4) whether the city was responsible for the acts of the police officer in committing an alleged assault and battery upon the appellee. The appellee contends that there is only one question involved and that is whether the court erred in reserving ruling on appellants' motion for directed verdict at the close of all the evidence. We elect to discuss only the first point urged by appellants, i.e., whether there appears to be fundamental error in the entry of final judgment on the verdicts.
As would appear from the previous description of the verdicts rendered, there is a disparity in amounts between the verdicts for compensatory damages against both appellants. Obviously the jury did not intend to return a verdict for any damages punitive in nature against the appellant city for it so indicated by its verdicts.[2]
The liability of the city here is admittedly vicarious and is based upon the doctrine of respondeat superior. The Supreme Court of this state in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, parted with the doctrine of municipal immunity and held that a municipality could be held liable under the doctrine of respondeat superior for the negligent acts of its employees committed in the course and scope of their employment. Similarly, under the same doctrine, this court has held a municipality liable for intentional torts (i.e., assault and battery) committed by its police officers.[3] It is not alleged, nor does it appear, that the acts of any other employees of the appellant city were the source of any of the injuries sustained by the appellee. Consequently such liability for damages as attaches to the City flows solely from, and out of, the alleged unlawful and illegal acts of its employee, the appellant Harris.
By the weight of authority of courts of this country which have considered the matter, a judgment against an active tort-feasor establishes the full limit of liability against other persons who are only derivatively liable under the doctrine of respondeat superior for the active tort-feasor's wrong. See 52 Am.Jur., Torts, § 125; 141 A.L.R. 1169; Jacobson v. Parrill, 186 Kan. 467, 351 P.2d 194, and cases cited therein.
Applying the above principles to the case at bar, it is obvious that the city could not be held liable to a greater extent for the compensatory damages than its employee, the appellant Harris.
The verdict here should be against both appellants inasmuch as the jury found that the damages resulted from the sole act of an employee of appellant city while discharging duties within the scope of his employment.
Ordinarily the defect could be remedied, without retrial, by the entry of a judgment against both defendants for the amount found against the active tort-feasor. In the present case the discrepancy between the verdicts is so great as to indicate a clear disregard by the jury of the instructions of the trial judge.
The judgment appealed is hereby reversed, and the cause is remanded for a new trial as to damages only.
Reversed and remanded.
NOTES
[1] Hutchins v. City of Hialeah, Fla.App. 1963, 153 So.2d 864.
[2] In this regard, see Fisher v. City of Miami, Fla.App. 1964, 160 So.2d 57 [opinion filed January 28, 1964].
[3] Simpson v. City of Miami, Fla.App. 1963, 155 So.2d 829.