PER CURIAM.,
The City of Hialeah appeals an adverse final judgment based on a jury verdict in the amount of $15,000. The action was initiated by the appellee to recover damages sustained as a result of an assault and battery by a city police officer acting within the scope of his employment.[1]
■ ‘Upon the first appearance of the case in this Court, :it was necessary to reverse an order granting ■ a new trial because the trial judge did not include the grounds upon which the' order was based. See Hutchins v. City of- Hialeah, Fla.App.1963,' 153 So. 2d 864. The judgment "was reinstated, and the City appealed therefrom. We held that the judgment against the active tort-feasor (employee) established the limit of liability .against other persons who are only derivatively liable for the active tort-feasor’s wrong under the doctrine of re-spondeat . superior. Upon this holding, the judgment against the active tort-feasor, Harris, in the amount of $1227.25 and against the City for $32,627.25 was reversed. The cause was remanded for a new trial upon damages only. See City of Hialeah v. Hutchins, Fla.App.1964, 166 So.2d 607.
Upon remand, the cause proceeded to trial and at the conclusion of the plaintiff’s case, the plaintiff voluntarily moved to dismiss the defendant Harris with prejudice. Based upon this motion, the trial court entered an order dismissing Officer Harris with prejudice. Harris was the active tort-feasor. The City objected to the entry of the- order upon the basis that the dismissal deviated 'from the law of the case as established by the prior opinion of this Court in City of Hialeah v. Hutchins, Fla.App.1964, 166 So.2d 607, 609. On that appeal we held: ':
“By the weight of authority of courts of this country which have considered the matter, a judgment against an active tort-feasor establishes the full limit of liability against other persons who are only derivatively liable under the doctrine of- respondeat superior for the active, tort-feasor’s wrong. See 52 Am. Jur., Torts,.. § 125; 14 .A.L.R. 1169; Jacobson v. Parrill, 186 Kan. 467, 351 P.2d 194, and cases cited therein.
“Applying the above principles to the case. at bar, it is obvious that the city *167 could not be held liable to a greater extent for the compensatory damages than its employee, the appellant Harris.
“The verdict here should be against both appellants inasmuch as the jury found that the damages resulted from the sole act of an employee of. appellant city while discharging duties within the scope of his employment.
“Ordinarily the defect could be reme-edied, without retrial, by the entry of a judgment against both defendants for the amount found against the active tort-feasor. In the present case the discrepancy between the verdicts is so great as to indicate a clear disregard by the jury of the instructions of the trial judge.”
It should be noted that the purpose of the remand was to give a jury the opportunity to determine the proper amount of damages to be assessed against the individual defendant and the City in the same action.
After the court granted appellee’s motion to dismiss the active tort-feasor with prejudice, the jury returned a verdict against the City alone for $15,000 compensatory damages. Final judgment was entered on the verdict, and this appeal followed.
The City urges that the effect of the dismissal with prejudice, at the conclusion of plaintiff’s case, was to exonerate the active tort-feasor, and that therefore the City is also discharged from liability under the rule stated in Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920). It is further urged that the dismissal of the active tort-feasor, Harris, frustrated the holding of this Court that the City could not be held liable for compensatory damages to a greater extent than its employee. It is unnecessary for us to dispose of these contentions individually because we reach our decision upon a different basis.
 The Williams case[2] held that “in an action against a principal, or master, and his agent, or servant, for damages resulting solely from the negligence of the agent, or- servant, acting as such, a verdict of the jury exonerating the agent, or servant, exonerates the principal or master.” It was also pointed out that such defendants are in no sense joint tort-feasors. Thus, the policeman and the City are jointly and severally liable and therefore may be sued separately or in the same suit. See Fincher Motor Sales, Inc. v. Lakin, Fla.App.1963, 156 So.2d 672; Salcedo v. Southeastern Natural Gas Co., Fla.App.1965, 171 So.2d 398. The fact that the policeman and the City may be sued together does not make them joint tort-feasors because the liability of the City is based upon the doctrine of respondeat superior as pointed out in the opinions last cited. Therefore, we reject as unsound the contention of the appellee that the liability of the employer and employee for the tortious action of the employee was joint. See also Saxon v. Knowles, Fla.App.1966, 185 So.2d 194, where the District Court of Appeal, Fourth District, held that an order dismissing a complaint against the City was proper where the alleged defamatory publications, which were made by the City Manager while acting within the scope of his employment, were absolutely privileged.
We must agree with the appellant that under the circumstances of this case the plaintiff, appellee, has by the manner in which the cause was conducted after the remand, circumvented the holding of this Court in City of Hialeah v. Hutchins, Fla.App.1964, 166 So.2d 607. Implicit in that holding was the direction that the case should be retried so that the amount of damages assessed against the City would be the same as the compensatory damages against the defendant tort-feasor, its employee, the policeman.
 Our prior decision that the cause should be retried is not binding on this Court as the law of the case. See Beverly *168 Beach Properties v. Nelson, Fla.1953, 68 So.2d 604, 608, 41 A.L.R.2d 1071; Strazzulla v. Hendrick, Fla. 1965, 177 So.2d 1, 3. In the interest of justice in this case and consistent with our holding on the prior appeal, we reverse the judgment appealed and direct the entry of judgment against the City for the compensatory damages which were found and awarded by a jury in this case against the active tort-feasor.
At the trial of the cause upon liability and damages, the jury returned a verdict against the policeman for compensatory damages of $1,227.25 and punitive damages in the sum of $5,000. The City is not liable for punitive damages. Fisher v. City of Miami, Fla.1965, 172 So.2d 455. We therefore direct the entry of a new judgment against the City of Hialeah for damages in the sum of $1,227.25 with interest from the date of the verdict and costs.
Reversed and remanded with directions.
HENDRY, C. J., dissents.

. See Hargrove v. Town of Cocoa Beach, FIa.1957, 96 So.2d 130, 60 A.L.R.2d 1193.

. Williams v. Hines, 80 Fla. 690, 80 So. 695 (1920).