THOMAS, Acting Chief Justice.
The original trial had culminated in a verdict against the individual defendant, O. Harris, in the amount of $1,227.25 compensatory damages and $5,000 punitive damages, .and also a verdict against the City of Hialeah in the sum of $32,627.25 compensatory damages, stated in three separate verdicts. In a fourth verdict the jury found for the defendant-city on the issue whether or not punitive damages should be assessed against it. The action had grown out of an assault and battery upon the present petitioner by respondent Harris while in the employ of respondent-city, as a patrolman.
A new trial was granted and from the order granting it an appeal was taken to the District Court of Appeal where the order was reversed because the trial judge had failed to state the grounds on which it was based. The trial court was directed to reinstate the verdict and judgment. Hutchins v. City of Hialeah, 153 So.2d 864 (Fla.App.1963).
The defendants appealed to the District Court of Appeal from the judgment as reinstated based on these verdicts. Effect of the holding there was that the amount of liability against the city was limited to the amount assessed against the active tort-feasor. In other words, any liability of the City in the circumstances of this case was purely derivative under the doctrine of respondeat superior, and the City could not be held liable for compensatory damages in an amount exceeding that found against the individual tort-feasor, the policeman. The court considered that the vast disparity between the sum of compensatory damages awarded against the City, about $32,000, and the amount assessed against the police officer, approximately $1,200, indicated clearly a disregard by the jury of the charges by the court and required retrial of the question of damages.
The court concluded that the verdict should have been against both respondents and that ordinarily the mistake could be corrected without retrial but in the present case because of the great discrepancy in the verdicts the issues of damages should be resubmitted to a jury, City of Hialeah v. Hutchins, 166 So.2d 607 (Fla.App.,1964).
So. the case was tried again in the circuit court. During the progress of the trial, the petitioner, plaintiff then, moved for a *743 voluntary dismissal of the patrolman, Harris, with prejudice and this motion was granted, despite the objection of both the City and the patrolman. The cause proceeded to verdict which was found against the City, the remaining defendant, in the amount of $15,000.
Back to the District Court of Appeal went the lone defendant, City of Hialeah, to contend that the voluntary dismissal exonerated it from further liability and justified its discharge. In City of Hialeah et al. v. Hutchins, 189 So.2d 165 (Fla.App. 1966), the court considered the third, and last appeal and concluded that the judgment should be reversed and the court directed that a “new judgment [be entered] against the City of Hialeah for damages in the sum of $1,227.25 * * Strangely enough this figure was extracted from the verdict which the court had already rejected by directing that a new trial be held on the subject of damages. To us it is obvious that the procedure should not be approved.
 By way of oblique obiter dictum, perhaps, we think the first error was committed, so far as the instant controversy is concerned, when the trial judge permitted dismissal of the individual defendant. At the time this occurred the District Court of Appeal had already passed upon the issues formed and had directed a retrial on damages only, after fixing the recovery at the amount assessed against this very defendant. When he was eliminated the decision was, in a sense, circumvented because the individual tort-feasor was no longer before the court. It seems to have been a situation calling for the exercise by the trial court of its prerogative under Rule of Civil Procedure 1.35(a) (2), 30 F.S.A. “an action shall not be dismissed at a party’s instance save upon order of the court and upon such terms and conditions as the court deems proper.” Plainly the right to the dismissal is not to be exercised by a party carte blanche but must always be under the control of the court and under the circumstances of this case it was error to allow it.
It is easy to see how the exit of Harris worked to the advantage of the plaintiff and the corresponding disadvantage of the City. When he departed the case, the limitation of the recovery against the City to the amount recoverable against Harris was removed and this proved to be true because the verdict in plaintiff’s favor was escalated to $15,OCX) in the last trial. This the District Court evidently sought to correct by eventually reverting to the first judgment a procedure which we by this decision disapprove.
The error was compounded by the District Court of Appeal in the last decision, immediately under study, by going back to the first case and bringing forward the amount there found against the individual tort-feasor although the same court had reversed the decision and ordered a re-trial on damages. This attempt to revivify the verdict was unavailing.
In recapitulation, we have the view that the dismissal of the patrolman did not discharge the City. We hold that recovery against the City cannot exceed that against its employee. We conclude that in this confused situation the last decision of the District Court of Appeal should be quashed with directions to proceed from the point where re-trial was ordered on the issue of damages only.
ROBERTS, DREW, O’CONNELL and ERVIN, JJ., concur.