PER CURIAM.
This case has been before the appellate courts of this State on several previous occasions. See: Hutchins v. City of Hialeah, Fla.App.1963, 153 So.2d 864; City of Hialeah v. Hutchings, Fla.App.1964, 166 So.2d 607; City of Hialeah v. Hutchins, Fla.App.1966, 189 So.2d 165; Hutchins v. City of Hialeah, Fla.1967, 196 So.2d 741.
Following the decision in the last cause and return to the trial court, the matter came on to be heard before a jury solely on the question of damages. Subsequent to the rendition of a verdict in favor of the appellee, the appellant prosecuted this appeal and has preserved three points for review: (1) That the court erred in allowing an examining physician to testify as to the alleged causes of the injury; (2) That the court erred in preventing the testimony of certain witnesses; (3) That the verdict was excessive and the court erred in denying a new trial on this ground. We find no merit in any of the contentions urged by the appellant, and affirm.
As to the first point, the doctor in question was consulted by the patient following a referral to him as a specialist from his own treating physician, and he was a treating physician as well as an examining physician. Therefore, we find no merit in this contention, on the authority of Tampa Transit Lines, Inv. v. Smith, Fla. App.1963, 155 So.2d 557; Raydel, Ltd. v. Medcalfe, Fla.App.1964, 162 So.2d 910.
As to the second point, we find this not to be well taken; the record refutes this claim.
As to the third point, it is not the function of an appellate court to substitute its judgment for that of a jury, but only to determine if the verdict is supported by substantial, competent evidence. Wise v. Jacksonville Gas Corporation, Fla.1957, 97 So.2d 704; Little River Bank and Trust Co. v. Magoffin, Fla.1958, 100 So.2d 626; Sinclair Refining Co. v. Butler, Fla.App.1965, 172 So.2d 499; Pensacola Greyhound Racing, Inc. v. Williams, Fla.App.1967, 193 So.2d 628. Although the verdict in the instant case might have been different if we had been the jury, it is supported by the evidence and the amount is not such as to shock our judicial conscience and, therefore, should not be disturbed.
The final judgment here under review be and the same is hereby affirmed.
Affirmed.