PER CURIAM.
The City of Coral Gables, defendant in the trial court, appeals from an order denying a motion for a judgment notwithstanding the verdict and granting the plaintiff’s motion for a new trial, and from a final judgment against it entered pursuant to a jury verdict on special interrogatories on the remaining portion of the claim in an action for wrongful death filed on behalf of the two children and the estate of the decedent.
On July 28, 1972, the decedent, who was riding a motorcycle, collided with a City of Coral Gables flatbed truck driven by Herman Clarke, at the intersection of Ludlam Road and 36th Street. The truck, proceeding east on 36th Street on its way back from a regular run to the incinerator, stopped at the stop sign and then proceeded into the intersection and began a left turn. There was testimony that the decedent, traveling north on Ludlum, at a speed of 70 or 75 miles per hour, passed a vehicle on the right just before reaching the intersection, and then ran into the rear passenger side of the truck. The evidence revealed that the intersection was dangerous but that the City never instructed its drivers as to a route to travel to and from the incinerator and never advised them not to use this intersection. During the trial, the defendants moved unsuccessfully for a directed verdict at the end of the plaintiff’s case and at the close of all of the evidence. The jury was given special interrogatories and returned a verdict for each child in the amount of $50,000, but nothing for the decedent’s estate. The jury found that the decedent was 85 per cent negligent, that Clarke, the truck driver, was not at all negligent and that the City of Coral Gables was 15 per cent negligent for failing to warn or instruct the driver not to use that intersection. After the trial, the City of Coral Gables moved for a judgment notwithstanding the verdict and the plaintiff moved for a new trial. The court denied the defendant’s motion and granted the plaintiff a new trial on the issue of damages to the estate. Final Judgment was entered on the jury verdict, awarding $7,500 damages to each child based on adjustment to the percentage of negligence attributable to the City.
The appellees contend that municipalities have a duty to instruct employees as to which streets to use in the performance of their work. We do not agree. In Florida Motor Lines v. Ward, 1931, 102 Fla. 1105, 137 So. 163, 167, it was- held that, “The right of a citizen to use the highways, including streets of the city or town, for travel and to transport his goods, is an inherent right which cannot be taken from him . . .” Analogizing the City of Coral Gables to a citizen for this purpose, it follows that the City has the right to use the streets just as anyone else does. We find no reason to hold the City to a higher degree of care than any other person in selecting the use of streets it has a right to use. “. . . (T)he tort liability of municipal corporations may now be equated with that of private corporations.” Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70, 73. Certainly, private corporations are not burdened with a duty to select *94 among various streets open to their use based on their anticipated degree of safety to other highway users.
In Hutchins v. City of Hialeah, Fla.1967, 196 So.2d 741, 743, it was held “. . . that recovery against the City cannot exceed that against its employee.” By the same token, the master cannot be held liable for torts to third parties where, as here, the servant has not been shown to be negligent. 21 Fla.Jur., Master and Servant, § 76. Therefore, we find that the court erred in failing to grant the City of Coral Gables’ motions for directed verdict and for judgment notwithstanding the verdict once the jury cleared Clarke, the driver, of negligence.
Accordingly, the final judgment and the order granting a new trial are reversed and the caused is remanded with directions to the trial court to grant the defendant’s motion and enter a judgment notwithstanding the verdict.
Reversed and remanded with directions.