332 So.2d 671 (1976)
Betty KAPCHUCK, Appellant,
v.
Henry ORLAN and State Farm Mutual Automobile Insurance Co., a Foreign Corporation, Appellees.
No. 75-526.
District Court of Appeal of Florida, Third District.
May 25, 1976.
*672 Wolfson, Diamond, Logan & Edge, Miami Beach, for appellant.
Talburt, Kubicki & Bradley and Daniel Draper, Jr., Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Plaintiff, Betty Kapchuck, appeals a $3,000 jury award for injuries sustained in an automobile accident.
While driving on the expressway Ms. Kapchuck's car was rear ended by a car operated by defendant Henry Orlan when she suddenly slowed down. After impact Mr. Orlan moved his car off the expressway while Ms. Kapchuck and her passenger abandoned her car to seek safety at the shoulder of the road. Ms. Kapchuck's unoccupied car was then hit by a second and third vehicle. She then sued Mr. Orlan and his liability carrier for bodily injury and property damage. After trial, the jury returned a verdict for $3,000 finding Ms. Kapchuck to be 65% negligent and Mr. Orlan 35%.
On appeal Ms. Kapchuck first argues that the court erred in admitting irrelevant evidence of impacts on her abandoned car by cars other than that of defendant thereby prejudicing the jury. We cannot agree.
The test of inadmissibility is lack of relevancy. Dixie-Bell Oil Company, Inc. v. Gold, Fla.App. 1973, 275 So.2d 19. In addition to seeking recovery for bodily injury, Ms. Kapchuck sought compensation for damage to and loss of use and value of her car. Therefore, evidence as to her car being subsequently rear ended was relevant and admissible. We further note that Ms. Kapchuck and her passenger testified as to these subsequent collisions. We find that even if the jury had no knowledge of these subsequent impacts, there was sufficient independent evidence of Ms. Kapchuck's negligence to support the jury's verdict. See Wallace v. Rashkow, Fla.App. 1972, 270 So.2d 743.
For her second argument, Ms. Kapchuck contends that the damages awarded were grossly inadequate. This point lacks merit.
Since Ms. Kapchuck's proof of alleged injuries was based upon disputed medical testimony, we cannot say that the jurors, as reasonable people, could not have found as they did. See Anastasio v. Summersett, Fla.App. 1969, 217 So.2d 854. There being competent substantial medical testimony that Ms. Kapchuck sustained no *673 permanent disability as a result of the accident, we will not disturb the jury's verdict. See City of Hialeah v. Hutchins, Fla.App. 1968, 215 So.2d 496 and cases cited therein.
Affirmed.