WALDEN, Judge,
dissenting.
This was a personal injury action. It arose from a night time collision between a pickup truck, operated by Dorsey Thompson, and a fifty-car train owned by United States Sugar Corporation. Mr. Thompson’s truck collided with the thirty-sixth car of the train. A critical issue was whether or not the red warning lights were flashing and operative at the railroad crossing, at the time of the collision. The jury verdict and consequent judgment were in favor of the defendant, United States Sugar Corporation. Mr. and Mrs. Thompson appeal that judgment. I would reverse because of an erroneous evidentiary ruling, which error was of such magnitude as to mandate a new trial.
There was conflicting evidence as to whether the warning signals were operating at the time of the collision. Mr. Thompson said they were not operative. The locomotive engineer and the switch-man said they were working, while the conductor speculated that they must have been working because he could not remember that they were not.
There was testimony from a Sugar Company employee that two hours after the collision he performed a test of the signal system by running a single locomotive through the crossing. He testified, over objection, that the lights flashed and the bell rang. This after-the-fact testimony, did, of course, corroborate the testimony of the train crew and raised conflict and cast doubt on Mr. Thompson’s testimony that the signals were not working at the time of the collision.
Undoubtedly, to somewhat balance the testimony and to counter the Sugar Company’s after-the-fact evidence supplied from the post-collision test performed by the Company’s employee, the Thompsons’ offered the testimony of Mr. and Mrs. Kee-see. They were accustomed to crossing the track at the site of the collision two or three times a week. Most importantly, the Keesees were prepared to testify that three weeks after the collision they saw a train pass through the crossing without the sig *1173 nal lights and bell being activated. The trial court rejected this testimony solely on the basis that it was too remote. In my opinion this ruling, under the circumstances of this case, constituted reversible error because the Keesees testimony of a malfunction, having occurred only three weeks following the collision, was not too remote to be probative according to caselaw. In Donahue v. Albertson’s, 472 So.2d 482 (Fla. 4th DCA 1985) this court allowed in evidence of a malfunction in an electric door which occurred two months after the litigated accident. There Donahue was injured when a store’s automatic door closed abruptly on her. Donahue argued that the persistent pushing of the exit door inward (as though it were an entrance door) caused damage to the mechanism and caused the door to slam on her. The store argued that the pushing, in the wrong direction, would have an immeasurably small effect on the mechanism. To counter this testimony Donahue attempted to show that the pattern of slamming the door in the wrong direction was so persistent that, two months after the accident, a fifty-pound spring in the mechanism snapped and required replacement of the entire unit. The trial court had excluded the evidence on grounds that it was “too remote.” On appeal the Fourth District reversed, stating that,
Evidence can be remote in time or remote in the sense of being too attenuated, i.e. not relevant. In either case, ‘evidence is remote only when there is no visible, plain, or necessary connection between it and the proposition eventually to be proved.’ NLRB v. Ed Chandler Ford, Inc., 718 F.2d 892, 893 (9th Cir.1983). Evidence which presents purely collateral issues which would only serve to confuse and mislead the jury is too remote and should be excluded. Atlantic Coast Line Railroad v. Campbell, 104 Fla. 274, 139 So. 886 (1932). The converse of this rule is embodied in the maxim that evidence which assists in making known the truth upon an issue in question should be admitted. See City of Miami Beach v. New Floridian Hotel, Inc., 324 So.2d 715 (Fla. 3d DCA 1976); See also Steiger v. Massachusetts Casualty Insurance Co., 273 So.2d 4 (Fla. 3d DCA 1973) (plaintiff is entitled to present evidence on the facts that are relevant to his theory of the case). Thus, “[t]he test of inadmissibility is lack of relevancy.” Kapchuck v. Orlan, 332 So.2d 671, 672 (Fla. 3d DCA 1976).
472 So.2d at 483.
The Fourth District concluded that since Donahue claimed that the abrupt closing of the door was caused by a loose connection in the mechanism which, in turn, was caused by the repeated slamming of the door against the mechanism, the evidence of the severity of the slamming and the consistency of the pattern was relevant to Donahue’s theory of negligence. The court also concluded that the later incident contradicted the store’s expert testimony that the force of the impact was “immeasurably small.” Similarly, the incident two months after the accident demonstrated that the slamming was forceful enough to dent the metal door frame. This court found that the evidence should go to the jury, holding:
“Thus, we hold that the trial court abused its discretion by excluding this evidence, for if evidence ‘is relevant and has some degree of probative value, however small, it is admissible, and its weight is for the jury.’ ” Mason v. Stengell, 441 S.W.2d 412, 416 (Ky.App.1969); see also Hopkins v. McClure, 45 So.2d 656 (Fla.1950); Holliday v. State, 389 So.2d 679 (Fla. 3d DCA 1980).
Applying this rationale to the instant case, evidence of a malfunction which occurred three weeks after the accident would not be excludable on grounds of being too remote since it was relevant to prove the plaintiff’s theory of negligence, that is, the warning signal malfunctioned. In Wood v. Walt Disney World Co., 396 So.2d 769 (Fla. 4th DCA 1981), approved on other grounds, 515 So.2d 198 (Fla.1987), a plaintiff was injured while riding in a miniature race car at Disney World. The trial court refused to allow in evidence of reports of subsequent incidents involving injuries at the raceway. The trial court made a specific distinction between prior and subsequent incidents, holding subsequent incidents to be inadmissible. The Fourth District reversed and noted that *1174 while the trial court has discretion in this matter the exclusion of all subsequent incidents was error.
Yes, it is true that the testimony of Mr. and Mrs. Keesee would tend to corroborate Mr. Thompson’s testimony but I do not think such observation has any bearing. By the same token the testimony of the Sugar Company employee who conducted the test two hours following the collision served to corroborate and bolster the testimony of the three train crew members.
In my opinion after-the-fact testimony is most compelling and here the Company was allowed to present such testimony while the like effort of the Thompsons was denied. As I see it the verdict was totally predictable when you consider it was Mr. Thompson’s solo testimony arrayed against the three members of the train crew bul-warked by the later test made by the Company and used by the Company to defeat Mr. Thompson’s claim. Simple fairness would dictate that the testimony of the Keesees should have been allowed.
Because I believe the excluded testimony of Mr. and Mrs. Keesee was relevant and probative to the issues before the jury, and because I think the trial court abused its discretion in disallowing it, I would reverse for a new trial.