SCHWARTZ, Chief Judge.
The plaintiff in a medical malpractice case appeals from a judgment entered pursuant to a jury verdict for one of the deceased patient’s treating physicians, Dr. Larry Katz. A co-defendant, the medical group of which Dr. Katz was a member, EMSA Limited Partnership d/b/a Skylake Medical Group, cross appeals from a similar judgment entered against it in the plaintiffs favor.
Rejecting the sole point on direct appeal, we first find no harmful error in the submission to the jury, in response to its specific request during its deliberations, of a chart used by defense counsel during the trial. See Brancaccio v. Jackal Corp., 641 So.2d 114, 115 (Fla. 3d DCA 1994)(Gersten, J., specially concurring), review denied, 650 So.2d 989 (Fla.1994); Newberry Square Dev. Corp. v. Southern Landmark, Inc., 578 So.2d 750 (Fla. 1st DCA 1991), cause dismissed, 584 So.2d 999 (Fla.1991). Hence, the judgment in Dr. Katz’s favor is affirmed.
We reach the contrary conclusion on EMSA’s cross-appeal. The verdict for Dr. Katz itself precluded any recovery based on vicarious liability for his actions upon his group, EMSA. Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920); City of Hialeah v. Hutchins, 166 So.2d 607 (Fla. 3d DCA 1964). Because we find no competent evidence to sustain a finding that EMSA was itself guilty of any additional, independent, actionable breach of duty, see Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla.1954); City of Coral Gables v. Logan, 317 So.2d 92 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 19 (Fla.1976), the judgment against it cannot stand.
Affirmed in part, reversed in part.